The plaintiff, Brandi Nance, by and through her mother and next friend, Jo Nance, appeals from the dismissal of her claims against James Michael Matthews, individually and in his official capacity as principal of Corley Elementary School; Shannon Cole, individually and in her official capacity as school nurse of Corley Elementary School; and William Scott, individually and in his official capacity as supervisor of special education services of the Marshall County School System. The trial court allowed Nance to proceed with her claim against Joyce Garrett, a special aide at Corley Elementary School. Therefore, Nance's claim against Garrett is not at issue in this appeal. The trial court entered a Rule 54(b), A.R.Civ.P., order making the dismissal final as to Matthews, Cole, and Scott.
Nance's complaint alleges that the Marshall County School System hired Garrett as a special aide to care for Nance, a disabled minor who suffers from spina bifida, while Nance attended Corley Elementary *Page 299 
School, a school in the Marshall County School System. Nance alleges that Scott, the supervisor of special education services, was informed of Nance's need, because of recent bladder surgery, to be catheterized while at school on January 22, 1992, and that Scott, in turn, informed Garrett of this need. Nance alleges that she had been catheterized at school on many occasions in the past, but that this procedure was particularly urgent on January 22, 1992, because of recent surgery.
She contends that Garrett was the special aide whose duty it was to catheterize Nance, but that Garrett negligently failed to do so on January 22, 1992, after she had been informed of the need to do so. Nance contends that the failure to catheterize her was the result of negligence and willful and wanton conduct on the part of the defendant, and that as a result she sustained physical injuries, mental trauma, and other injuries, and she claimed $2 million in damages.
Nance argues that the trial court improperly dismissed her claims against Matthews, the principal; Cole, the nurse; and Scott, the supervisor of special education services. Nance's complaint alleges that these defendants negligently supervised Garrett and that they inadequately supervised her in a willful and wanton manner. Nance also argues that these three defendants negligently retained Garrett and that they did so in a willfully and wantonly deficient manner after they knew or should have known of several prior occasions on which, Nance says, Garrett was negligent in her care of Nance. For instance, Nance alleges that these defendants knew or should have known of an incident when Garrett was pushing Nance in a wheelchair and allowed the wheelchair and Nance to roll down a flight of stairs. Nance contends that, in light of their knowledge of Garrett's previous misconduct toward Nance, these defendants' retention and supervision of Garrett was negligent and willfully and wantonly deficient.
These three defendants argue that the trial court properly dismissed Nance's claim against them because, they contend, they possess sovereign immunity from suit under Article I, § 14, Alabama Constitution of 1901. They argue that they are entitled to both absolute immunity and qualified immunity for the performance of discretionary functions.
On appeal, a dismissal is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So.2d 928, 930
(Ala. 1981); Allen v. Johnny Baker Hauling, Inc.,545 So.2d 771, 772 (Ala.Civ.App. 1989). The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v.Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala. 1985);Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App. 1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671
(Ala. 1985); Rice v. United Ins. Co. of America,465 So.2d 1100, 1101 (Ala. 1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden,495 So.2d 616, 617 (Ala. 1986); Hill v. Kraft, Inc., 496 So.2d 768,769 (Ala. 1986).
Nance argues that the trial court erred in dismissing Matthews, Cole, and Scott on the basis that they had immunity under Article I, § 14. To resolve this issue, this Court must consider: 1) whether, as to these defendants, the plaintiff's action is, in effect, one against the State (if so, they would have absolute immunity from suit); and, if not, then 2) whether the defendants are entitled to substantive or qualified immunity on the basis that they were engaged in the exercise of a discretionary public function. See Phillips v. Thomas,555 So.2d 81, 83 (Ala. 1989).
Article I, § 14, provides that "the State of Alabama shall never be made a defendant in any court of law or equity." Therefore, *Page 300 
the State and its agencies possess absolute immunity from suit.Phillips v. Thomas, 555 So.2d at 83; Hickman v. Dothan City Bd.of Educ., 421 So.2d 1257, 1258 (Ala. 1982); Gill v. Sewell,356 So.2d 1196, 1198 (Ala. 1978); Milton v. Espey, 356 So.2d 1201,1202 (Ala. 1978). In determining whether state officers and employees possess absolute immunity, this Court considers the nature of the action and the relief sought. Phillips, supra;DeStafney v. University of Alabama, 413 So.2d 391, 395 (Ala. 1981); Milton, 356 So.2d at 1202. In an action against a state officer or employee that is, in effect, an action against the State, the officer or employee is entitled to absolute immunity. Phillips, supra; Barnes v. Dale, 530 So.2d 770, 781
(Ala. 1988); DeStafney, 413 So.2d at 393.
Considering the nature of Nance's action against these defendants and the relief sought, we conclude that Nance's action is not, in effect, one against the State. Therefore, these defendants are not entitled to absolute immunity under the allegations in the complaint; however, they may be entitled to qualified, or substantive, immunity if they were engaged in the exercise of a discretionary function. Barnes,530 So.2d at 783 (quoting DeStafney, 413 So.2d at 395). The defendants argue that they were engaged in the performance of discretionary functions and, therefore, are entitled to qualified immunity.
We have held that in determining whether an employee makes difficult decisions and exercises discretion "the courts must focus on the process employed to arrive at the decision."Smith v. Arnold, 564 So.2d 873, 876 (Ala. 1990). Courts must make this assessment on a case-by-case basis. Grant v. Davis,537 So.2d 7, 8 (Ala. 1988).
The distinction between discretionary functions and ministerial ones is often elusive and difficult to make. However, this Court has made the following comments:
 " '[M]inisterial acts' [are] those involving '[l]ess in the way of personal decision or judgment or [in which] the matter for which judgment is required has little bearing of importance upon the validity of the act'. . . . '[M]inisterial acts are those done by officers and employees who are required to carry out the orders of others or to administer the law with little choice as to when, where, how, or under what circumstances their acts are to be done.' [Citing Restatement (Second) of Torts, § 895D, cmt. f (1979).] Conversely, 'discretionary acts' are defined as follows by Black's Law Dictionary 419 (5th ed. 1979): 'Those acts [as to which] there is no hard and fast rule as to course of conduct that one must or must not take and, if there is [a] clearly defined rule, such would eliminate discretion. . . . One which requires exercise in judgment and choice and involves what is just and proper under the circumstances.' "
Smith, 564 So.2d at 876.
Distinguishing between these functions on the basis of definitions alone, however, is not helpful. We have held that "[t]he problem is not to define terms like 'discretionary' . . . but to make a pragmatic assessment of what, if any, degree of immunity is necessary to enable the particular governmental function to be effectively performed." Bell v. Chisom,421 So.2d 1239, 1241 (Ala. 1982). Therefore, a review of the cases in which this Court has made such an assessment is helpful to provide some examples of the kinds of acts this Court considers ministerial and the kinds it considers discretionary.
We have held that doctors who work at a state mental health facility and whose positions require them to make difficult decisions in their employment perform a discretionary function and are, therefore, entitled to qualified immunity in an action arising out of their decision to release a patient from the mental health facility. Barnes, 530 So.2d 770, 784. Likewise inSmith, we recognized that the very nature of the mental health profession involves difficult decision-making in diagnosing and treating a patient. 564 So.2d 873, 875. In Smith we held that a state employee doctor in that profession performs a discretionary function in diagnosing and treating a patient *Page 301 
and is therefore entitled to immunity in an action alleging that the employee doctor negligently diagnosed and treated a patient who had been involuntarily committed to a mental health facility and failed to provide adequate suicide prevention measures for that patient. Id. Accord Smith v. King,615 So.2d 69 (Ala. 1993).
In Taylor v. Shoemaker, 605 So.2d 828 (Ala. 1992), we recently held that engineers and a superintendent of the State Highway Department exercised discretion in determining whether to remove railway rails surrounding a railroad crossing signal and, therefore, were entitled to immunity in an action arising out of the collision of a motor vehicle with the rails. Similarly, in Grant v. Davis, 537 So.2d 7 (Ala. 1988), this Court held that engineers and a superintendent of the State Highway Department exercised discretion in deciding whether and how to maintain and repair a highway and were therefore entitled to immunity in an action alleging a negligent failure to maintain and repair the highway and a negligent failure to properly inspect the shoulder of the highway. In Gill v.Sewell, 356 So.2d 1196 (Ala. 1978), we held that the decision by the director of a work release center to release a convicted felon from the center was a discretionary public function and that the director was therefore immune in an action arising out of the felon's later alleged shooting of a police officer.
In DeStafney this Court held that a day care employee whose position required the exercise of due care rather than decision-making was engaged in a ministerial function and was, therefore, not entitled to immunity in an action arising from her alleged negligence in allowing a child to fall off a piece of playground equipment operated by a state university.413 So.2d 391, 395. We also held in that case that the president of the university was engaged in a discretionary function and was entitled to immunity. Id.
Similarly, in Phillips this Court held that a day care employee's act of inspecting certain premises and checking "yes" on an inspection sheet for the answer to the question whether the pool on the premises was enclosed with a fence, was a ministerial act. Therefore, we held that the day care employee was not entitled to immunity in an action in which the plaintiff alleged that the worker had negligently inspected the premises and had thereby caused the injuries suffered by a child who fell into water that had collected on a covering over a swimming pool. 555 So.2d at 82, 86. We also held that the director of the Family and Children's Services Division of the State Department of Human Resources exercised a discretionary public function in training and supervising the day care employee whose alleged negligence caused the child's injury.Id. at 85.
In this case, Nance argues that these three defendants negligently and in a willfully and wantonly deficient manner supervised and retained Garrett. With respect to Nance's claims of negligence, we hold that these defendants were engaged in discretionary functions and that they are therefore entitled to qualified immunity. This Court has held that "the exercise of such [training and supervisory] functions is, for the most part, discretionary in nature, and to that extent, affords [the defendant supervisor] substantive [or qualified] immunity from suit," noting that "[t]hese duties, while perhaps affirmative ones, require constant decision making and judgment on the part of the supervisor or trainer." Phillips, 555 So.2d at 85. The decision whether or not to retain Garrett as an employee also requires the use of discretion. See Hickman v. Dothan City Bd.of Educ., 421 So.2d 1257 (Ala. 1982) (holding that the decision not to retain a teacher for the next school year was a discretionary function for which the defendants possessed qualified immunity).
Although we have held that acts that are generally discretionary may be composed of ministerial elements,Phillips, 555 So.2d at 86, Nance neither alleges nor argues that the acts of supervision and retention have ministerial elements that would remove from the defendants the protective shield of immunity.
Furthermore, we recognize that without some degree of immunity for the performance *Page 302 
of these functions, public officers and employees who perform them may act not on the basis of policy but with the goal of avoiding personal liability or vexatious suits. See Bell v.Chisom, 421 So.2d 1239 at 1241 (Ala. 1982). Accordingly, in light of this concern and the uncontested discretionary nature of the conduct of these defendants, we hold that these defendants were engaged in discretionary acts for which they are entitled to qualified immunity.
Therefore, construing most strongly in Nance's favor her allegations that these defendants had negligently supervised and negligently retained Garrett, we conclude that Nance can prove no set of circumstances that would entitle her to relief against these defendants on these allegations.
Nance's claim that these defendants supervised and retained Garrett in a willfully and wantonly deficient manner is similar to the plaintiffs' claims in Hill v. Allen, 495 So.2d 32 (Ala. 1986). In Hill, the plaintiffs, six mentally retarded students, sued the members of the Cullman City Board of Education, the special education coordinator, the superintendent of the board, and the principal of the middle school at which the alleged wrongful conduct occurred. The plaintiffs alleged that they were subjected to "numerous incidents of abuse, physical, mental, and sexual [by certain other defendants described as] instructors and aides." Id. at 33. They argued that the defendants "failed or refused to take appropriate action to protect mentally retarded children in the public schools of Cullman, Alabama, from the acts and actions of [those other] defendants." Id. at 34. The original complaint charged the appellees with negligent, wanton, or intentional misconduct.Id.
In Hill, we recognized that "[i]n Deal v. Tannehill Furnace Foundry Commission, 443 So.2d 1213 (Ala. 1983), the scope of discretionary function immunity was expanded to include immunity from allegations of wanton conduct against state officials sued in their individual capacities where there was no evidence of bad faith on their part." Hill, 495 So.2d at 34. We affirmed the trial court's judgment on the pleadings in favor of the school principal, the superintendent, and the special education coordinator, because the plaintiffs in Hill
did not allege fraud or bad faith on the part of those defendants. Id.
The defense of qualified immunity does not apply to allegations of bad faith and fraud; likewise, it does not apply to actions against state officials in their official capacity based on acts committed beyond their authority. Gill v. Sewell,356 So.2d 1196, 1198 (Ala. 1978); Milton v. Espey,356 So.2d 1201, 1203 (Ala. 1978); Unzicker v. State, 346 So.2d 931, 933
(Ala. 1977).
In this case, Nance did not allege or argue that these defendants acted fraudulently, in bad faith, or beyond their authority. Therefore, these defendants are entitled to qualified immunity from Nance's claim that they supervised and retained Garrett in a willfully and wantonly deficient manner, because, as discussed above, these acts are discretionary. The trial court's dismissal of Nance's claim of willful and wanton conduct is, therefore, due to be affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.