The plaintiff, Patrick Lennon, appeals from a summary judgment for the defendants in a negligence action. Lennon sued his soccer coach, Carlos Petersen, and his athletic trainer, Debbie Lee, both on the staff of the University of Alabama at Huntsville (UAH), alleging that they had acted negligently and that because of their negligence he was injured and damaged. The defendants moved for a summary judgment, which was entered in their favor based on the defense of discretionary function immunity. The plaintiff appeals. We affirm.
A summary judgment may be entered when there is no genuine issue of material fact and the defendant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. This Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant.Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986); Harrell v.Reynolds Metals Co., 495 So.2d 1381 (Ala. 1986); Hanners v.Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990). Because this action was filed after June 11, 1987, the nonmovant must present "substantial evidence" in order to defeat a properly supported motion for summary judgment. Alabama Code 1975, §12-21-12; Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989); West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989).
Lennon argues that the trial court should not have entered the summary judgment because the defendants failed to file a narrative summary of what they claimed was "the undisputed material facts," as required by Rule 56(c)(1), Ala.R.Civ.P. However, Lennon filed his complaint on April 6, 1992, almost four months before Rule 56(c) was amended to require a narrative summary; the amendment adding that requirement became effective August 1, 1992. Because this action was commenced before the effective date of that amended portion that requires a narrative summary of the purportedly undisputed material facts (Rule 56(c)(1)), that portion of the rule does not apply in this case. See Rule 86, Ala.R.Civ.P.
Lennon also contends that the summary judgment should not have been entered because, he says, the affidavits supporting the defendants' motion for summary judgment do not comply with Rule 56(e). In Perry v. Mobile County, 533 So.2d 602, 604-05
(Ala. 1988), the Court held:
 "A party must move to strike an affidavit that violates Rule 56(e); if he fails to do so, he will waive his objection and, in the absence of a 'gross miscarriage of justice,' the court may consider the defective affidavit. *Page 173 
This principle applies to affidavits containing evidence that would not be admissible at trial as well as to affidavits that are defective in form. The motion to strike must be timely, [and] the decision on that question is left to the discretion of the trial judge. It is clear that a motion to strike presented for the first time on appeal comes too late."
(Adopting language from C. Wright, A. Miller, and M. Kane,Federal Practice and Procedure: Civil 2d § 2738 (1983).)
In this case, the objection to the defendants' affidavits comes on appeal and, therefore, is too late to be considered by the Court.
The main issue in this appeal is whether Petersen and Lee are entitled to immunity, as a matter of law, under the facts as presented. Lennon argues that the defendants should not be entitled to qualified immunity for their alleged negligence because, he says, they acted beyond their legal authority.
Patrick Lennon received a scholarship to play soccer for UAH. While practicing soccer at the beginning of his first season, Lennon began to experience sharp pain in his hip and groin area. Lennon reported this pain to Debbie Lee, the athletic trainer, who attributed it to "groin strain" and applied ice and electricity to the affected area. Lennon's pain persisted and Lee continued the same treatment throughout the soccer season until mid-November.
Lennon returned to his home at that time and consulted with a physician about the pain he continued to experience. The physician ran a series of tests on Lennon and determined that he suffered not from groin strain but from avascular necrosis, which manifested itself in both of his hip joints. The physician performed surgery on Lennon twice to correct the problem. In order to prevent the disease from progressing, Lennon must avoid any activities that could cause a jarring of his hip bones, but he still may develop premature arthritis and may require a hip joint replacement in the future.
Lennon asserts that neither Petersen nor Lee is entitled to discretionary immunity for their alleged negligence because, he says, they exceeded the authority given them by UAH and by the laws of this State. He argues that Petersen exceeded his authority because, he says, Petersen discouraged players from seeking treatment for their injuries, and that Lee exceeded her authority because, he says, she did not have a license to practice medicine when she treated him for his injury.
Article I, § 14, of the Alabama Constitution of 1901 prevents lawsuits against the State and "against its officers and agents in their official capacity when a result favorable to the plaintiff would directly affect a contract or property right of the State." Milton v. Espey, 356 So.2d 1201, 1202 (Ala. 1978). The Court further defined the scope of this immunity by adopting the "tort liability rule" of Restatement (Second) ofTorts, § 395D(3)(a) (1965), which states:
 "(3) A public officer acting within the general scope of his authority is not subject to tort liability for an administrative act or omission if (a) he is immune because engaged in the exercise of a discretionary function."
DeStafney v. University of Alabama, 413 So.2d 391, 393
(Ala. 1982).
Although "discretionary function" is not expressly defined, comment f to Restatement § 395D sets out a number of factors that may help determine whether a function is discretionary. This Court has also spoken to this issue. Nance v. Matthews,622 So.2d 297 (Ala. 1993); Taylor v. Shoemaker, 605 So.2d 828,832 (Ala. 1992). A discretionary function does not include ministerial tasks like the mere filling out of a form, nor does it include acts made "fraudulently, in bad faith, beyond [the actor's] authority, or . . . under a mistaken interpretation of the law." Nance v. Matthews, 622 So.2d 297 (Ala. 1993);DeStafney at 395; Pack v. Blankenship, 612 So.2d 399, 402, 403
(Ala. 1992). Lennon asserts that the acts of Petersen and Lee were not discretionary because, he says, they acted "beyond their authority."
Petersen's actions did not extend beyond his authority. The University hired Petersen specifically for the job of coaching and, thus, gave him authority over the decisions *Page 174 
inherent in that position. Lennon argues that Petersen violated the "Training Rules" of the UAH Student Handbook and rules of the National Collegiate Athletic Association (NCAA). The Training Rules, however, mention only students' responsibility and do not refer to responsibility of the coach. Furthermore, Lennon does not cite the NCAA rules, but, instead, refers to the Code of Ethics of the National Soccer Coaches Association of America. The record does not indicate whether Petersen was a member of this association, nor does the record show that such an association would serve to limit the authority given to Petersen by UAH if Petersen were a member. Lennon has not presented substantial evidence to indicate that Petersen exceeded his authority.
Lennon contends that Lee is not entitled to discretionary function immunity because, he says, she exceeded her authority by practicing medicine without a license. However, when Lennon filed this action, athletic trainers were not required to be certified. The Alabama Athletic Trainers Licensure Act did not go into effect until May 13, 1993. Acts of Alabama 1993, Act 93-617. Even with the application of the Act, Lee is fully qualified to receive a license without more training. Section 7 states:
 "Any person actively engaged as an athletic trainer on the effective date of this act shall be issued a license certificate if the athletic trainer submits proof of three years of experience as an athletic trainer within the preceding five-year period, receives approval by the board, and pays the license certificate fee as determined by the board. . . ."
Lee clearly meets the three-year criterion, because she was employed by UAH in August 1986 as an athletic trainer and has continued in that position for over six years.
Lennon's contention that, according to Alabama Code 1975, § 34-24-50 (defining "practice of medicine"), Lee practiced medicine, and because she did not have a license to do so she exceeded her authority, is without merit. Section 34-24-51
restricts the application of the licensing procedure. It states:
 "Nothing in this section shall be construed as applying to any person practicing chiropractic, dentistry, podiatry, optometry or any other branch of the healing arts, except medicine and osteopathy, pursuant to a license which has been issued, or which may hereafter be issued, by any state licensing board and who [is] practicing within the scope of such license."
Athletic trainers are part of the "other branch[es] of the healing arts" that now must be licensed, and Lee was practicing within the scope of an athletic trainer's license.
Furthermore, if the legislature had intended § 34-24-50 to mean that athletic trainers had to be licensed in order to practice, it would not have been necessary to enact Act 93-617, which specifically requires athletic trainers to be licensed. This argument also answers Lennon's contention that Lee practiced "physical therapy," as defined in § 34-24-191(a)(1), without a license. If § 34-24-191(a)(1) was referring to athletic trainers, then there would be no need for Act 93-617. Lennon did not produce substantial evidence to indicate that Lee went beyond her authority in treating Lennon's injury.
Although discretionary functions do not include unauthorized acts, they do include acts that require "personal deliberation, decision and judgment." White v. Birchfield, 582 So.2d 1085,1087 (Ala. 1991) citing Davis v. Little, 362 So.2d 642, 643
(Miss. 1978) (quoting Prosser, Law of Torts § 132 (4th ed. 1971)): see Taylor v. Shoemaker, 605 So.2d 828, 831-33
(Ala. 1992). Discretionary functions include "difficult decision making" and "the ability of public officers to 'engage in making a decision by weighing the policies for and against it.' " Nance v. Matthews, 622 So.2d 297 (Ala. 1993); Shoemaker,605 So.2d at 832; Grant v. Davis, 537 So.2d 7, 8 (Ala. 1988),Phillips v. Thomas, 555 So.2d 81, 85 (Ala. 1989); McMillian v.Wallis, 567 So.2d 1199, 1202 (Ala. 1990) (citing Bell v. Chisom,421 So.2d 1239 (Ala. 1982)).
Petersen's actions clearly fall into the category of discretionary acts. Petersen had to rely on his own judgment and discretion in making difficult decisions while performing his job. He had to determine what drills his players needed and how long the drills should last. He also had to evaluate his *Page 175 
players to determine if they were playing to the best of their ability. He had to make difficult decisions in determining whether a player was injured and should report to the trainer or whether the player was merely faking an injury to avoid practice. He also had to be aware that some players would hide their injuries so that they would be allowed to practice or to play in a game. He was responsible for motivating the players and evaluating their performance. Petersen was acting within his authority in using his discretion in such matters, and he is entitled to discretionary function immunity. SeePhillips v. Thomas, 555 So.2d at 85 (such training and supervisory functions are "for the most part discretionary in nature"). See, also, Nance v. Matthews, 622 So.2d at 301.
Similarly, Lee's job required that she use her discretion and judgment. As an athletic trainer, she had the responsibility to determine whether an athlete was faking or hiding an injury. She had to ascertain the source of the injury, the extent of the injury, and the treatment for the injury. She had to calculate whether the injury was adequately responding to treatment. She had the further responsibility of determining when an athlete should be restricted from play, referred to a doctor, or allowed to return to the field. Because all of these functions required the use of her judgment and discretion, she is entitled to discretionary function immunity. SeePhillips at 85 (duties required "constant decision making and judgment on the part of the supervisor or trainer"). See alsoNance v. Matthews, 622 So.2d at 301.
We have carefully reviewed this case, and we conclude that the judgment of the trial court is due to be affirmed. Because Lennon failed to provide substantial evidence that Petersen and Lee acted beyond their authority, and because Petersen and Lee are employed by a state agency and the positions they hold clearly necessitate reliance on their own judgment in the making of difficult decisions, Petersen and Lee are entitled to discretionary function immunity. The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., concurs in the result.