I cannot tell from the record here whether the trial judge considered matters outside the pleadings in deciding to enter his judgment of dismissal; therefore, I concur in the result reached. I would point out, however, that the defendant, in her brief, says that "[w]hen the court granted defendant's motion to dismiss, the court had the information set forth in plaintiff's complaint, defendant's motion to dismiss, and plaintiff's reply," and that "[t]hese pleadings disclosed that [the defendant] Julia Black was involved in the case only in the exercise of a discretionary function as a physical education teacher." *Page 11 
I was almost persuaded that the defendant was correct in her argument that this record shows that the plaintiff did not state any set of facts upon which relief could be granted, especially in view of the fact that this Court has broadened the application of the doctrine of qualified immunity for teachers, since the initial decision in DeStafney v. Universityof Alabama, 413 So.2d 391 (Ala. 1981). See, Nance v. Matthews,622 So.2d 297 (Ala. 1993), Coyle v. Harper, 622 So.2d 302
(Ala. 1993), and Kroger v. Davis, 622 So.2d 303 (Ala. 1993). In each of those cases it appears that the trial judge entered a summary judgment only after considering evidence outside the pleadings.
Based on the foregoing, I concur in the result only.