As I understand the main opinion, the Court reverses the summary judgment in favor of Michael Douglas, the former head wrestling coach, because Douglas engaged in an "`inequitable' challenge match" with Jake, a student, in which Douglas performed an allegedly "illegal" move, i.e., a move not permitted under the guidelines and rules promulgated by the AHSAA and the NFW, and, therefore, Douglas is not entitled to State-agent immunity. I agree that Douglas's actions in engaging in an "`inequitable' challenge match" with Jake fell outside the protection of the doctrine of State-agent immunity and that Douglas is therefore subject to suit for the injuries Jake allegedly sustained as a result of that violation. I do not believe, however, that, standing alone, Douglas's alleged failure to properly execute a wrestling move is a sufficient independent basis for denying State-agent immunity.
This Court has afforded educators State-agent immunity to protect them in their exercise of discretion in educating students. See Ex parteNall, [Ms. 1012099, June 6, 2003] ___ So.2d ___ (Ala. 2003); Ex parteSpivey, [Ms. 1011128, September 27, 2002] 846 So.2d 322 (Ala. 2002); Exparte Blankenship, 806 So.2d 1186, 1190 (Ala. 2000); Lennon v. Petersen,624 So.2d 171, 173-74 (1993). Teachers perform a public responsibility; to deny teachers State-agent immunity and to require them to defend themselves in civil actions brought by students or parents would discourage them in the performance of their public responsibility.[5] *Page 1058 
In this case, the parties do not argue that Douglas's employment prohibited him from conducting practice drills and demonstrating proper and improper wrestling holds in order to educate his students. There are a multitude of rules in all sports — football, basketball, gymnastics — that for safety and other reasons deem certain moves "illegal." If a coach merely fails to properly perform a move that if properly performed would be "legal," then I cannot agree that his or her actions will for that reason fall outside the scope of State-agent immunity and subject the coach to litigation. A coach's flawed demonstration of a tackle, a tag, or a wrestling hold, absent other circumstances, should not remove the coach from the protection afforded by the doctrine of State-agent immunity.
BROWN, J., concurs.
[5] See Siegert v. Gilley, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute and qualified, is to spare a defendant not only unwarranted liability but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); Mitchell v. Forsyth,472 U.S. 511, 526 (stating that qualified immunity "is an immunity fromsuit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").