Insofar as the Court affirms the dismissal of the claims against Dr. Pope, I concur in the result. Otherwise, I respectfully dissent.
"[A] Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993). It appears to me that David Marks may be able to prove a set of circumstances that would entitle him to relief against Dr. Thomas Tenbrunsel and Alabama Psychological Services Center, LLC. According to the complaint, Marks voluntarily contacted Alabama Psychiatric Services to obtain Psychological treatment, and when Marks met with Dr. Tenbrunsel, Dr. Tenbrunsel assured him that anything Marks disclosed during their meeting would remain confidential. Section 34-26-2 provides that "the confidential relations and communications between licensed psychologists . . . and their clients are placed upon the same basis as those provided by law between attorney and client," thereby acknowledging a psychologist-client privilege. The complaint alleges that Marks, relying on Dr. Tenbrunsel's promise of confidentiality, admitted two incidents of child abuse. Alabama law did not require Dr. Tenbrunsel to report the admitted incidents to any authority. Section 26-14-3, Ala. Code 1975, the mandatory-reporting statute, is not applicable.
The Court predicates Dr. Tenbrunsel's immunity and, consequently, the immunity of Alabama Psychological Services on what it considers it to be the combined effect of § 26-14-4 and §26-14-9. Section 26-14-4, the permissive-reporting statute, simply provides that "any person may make such *Page 1269 
a report [of child abuse] if such person has reasonable cause to suspect that a child is being abused or neglected." Section26-14-9 provides that a person "participating in the making of a good faith report" of child abuse shall be immune from civil liability. I am not persuaded that a psychologist who receives confidential information from a patient, after assuring the patient that any information shared by the patient would be confidential, acts in good faith as a matter of law, when the psychologist voluntarily chooses to ignore the assurances, and his patient's reliance upon them, and reports the confidential information to authorities.