Rel: October 25, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

————————————————

## SC-2024-0412

————————————————

## Steven Mark Hayden, Jr.

## v.

## Newsome Law, LLC, and William B. Cashion

## Appeal from Elmore Circuit Court
## (CV-23-92)

STEWART, Justice.

Steven Mark Hayden, Jr., appeals from a judgment of the Elmore

Circuit Court ("the trial court") dismissing his action against Newsome

Law, LLC, and William B. Cashion. For the following reasons, we affirm the judgment in part and reverse the judgment in part and remand the cause for further proceedings.

Facts and Procedural History

The action underlying this appeal involves Hayden's attempted redemption of two parcels of property ("the property") located in Elmore County, which had previously belonged to Hayden's father, Steven Mark Hayden, Sr. Cashion, in an effort to collect on an approximately $600,000 judgment he had obtained against Hayden's father, sought a writ of execution on the property. Cashion ultimately purchased the parcels at a sheriff's sale on September 26, 2022, paying $5,000 for one parcel and $1,162.59 for the other.

On August 31, 2023, Hayden notified Cashion's counsel, Burt Newsome, of his intent to redeem the property. Newsome responded with a quoted redemption price of $663,817.56. Hayden disputed that price and indicated that he would offer $8,000, which covered the purchase prices, recording taxes, and interest for the two parcels and $420 to compensate Cashion for his time. Newsome informed Hayden that Cashion would not reduce the quoted redemption price, contending that

2

Hayden was required to satisfy the entire judgment lien before he was entitled to redeem the property.

On September 25, 2023, Hayden filed a complaint in the trial court pursuant to § 6-5-255, Ala. Code 1975, which is one of Alabama's redemption statutes, see § 6-5-247 et seq., Ala. Code 1975, seeking to enforce his right to redeem the property.[1] Hayden named Cashion and Newsome's law firm, Newsome Law, as defendants. Cashion and Newsome Law filed a motion to dismiss Hayden's redemption action, asserting that, pursuant to § 6-5-248(d), Ala. Code 1975, all judgments that had attached to the property at the time of the sheriff's sale were revived against Hayden, as a son of the debtor. Thus, according to Cashion, the judgment lien constituted a lawful charge that Hayden was required to pay in full to redeem the property. Following a hearing on January 30, 2024, the trial court granted the motion to dismiss, stating that Hayden "is free to redeem the property without the necessity of a Court Order or other action in the above styled case." Hayden's postjudgment motion was denied, and Hayden appeals.

---

[1]Hayden's complaint for redemption indicates that he had tendered $1,217.97 and $5,393.27, representing the purchase price and interest for each parcel.

<u>Standard of Review</u>

In reviewing a judgment of dismissal on appeal, this Court affords no presumption of correctness to the trial court's decision. We consider "whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances" under which he or she may possibly prevail. <u>Nance v. Matthews</u>, 622 So. 2d 297, 299 (Ala. 1993).

<u>Analysis</u>

Hayden argues that, because the property was owned by his father, and was sold to satisfy a judgment, he is entitled to redeem the property under § 6-5-248(a)(7), which authorizes redemption by "[c]hildren, heirs, or devisees of any debtor."  The amount a redeeming party must pay to redeem property is generally governed by § 6-5-253, Ala. Code 1975. Section 6-5-253(a) provides:

> "Anyone entitled and desiring to redeem real estate under the provisions of [the redemption status] must also pay or tender to the purchaser or his or her transferee the purchase price paid at the sale, with interest at the rate allowed to be charged on money judgments as set forth in Section 8-8-10[, Ala. Code 1975,] … and all other lawful charges, also with interest aforesaid …."

Section 6-5-253(a) identifies as "lawful charges":

"(1) Permanent improvements as prescribed herein.

"(2) Taxes paid or assessed.

"(3) All insurance premiums paid or owed by the purchaser.

"(4) Any other valid lien or encumbrance paid by such purchaser or his or her transferee or if the redeeming party is a judgment creditor or junior mortgagee or any transferee thereof, then all recorded judgments, recorded mortgages, and recorded liens having a higher priority in existence at the time of sale which are revived under Section 6-5-248(c)[,Ala. Code 1975].

"If the redemption is made from a person who at the time of redemption owned the debt for which the property was sold, the redemptioner must also pay any balance due on the debt, with interest as aforesaid thereon to date.

"(5) …[A] party redeeming must pay all mortgages made by the purchaser or his or her transferee on the land to the extent of the purchase price.

"…."

Cashion and Newsome Law argue that, because Hayden is the child of the debtor, "the prior judgments and liens that existed before the sale reattach to the property and must be paid off as part of the redemption process." Cashion and Newsome Law's brief at 11. They rely on § 6-5-248(d), which provides:

"When any debtor, mortgagor, their transferees, their respective spouses, <u>children</u>, heirs, or devisees redeem, all

5

recorded judgments, recorded mortgages, and recorded liens in existence at the time of the sale are revived against the real estate redeemed and against the redeeming party and further redemption by some party other than the mortgagor or debtor under [the redemption statutes] is precluded."

(Emphasis added.)

However, although judgments and liens are revived against the property pursuant to § 6-5-248(d), such judgments and liens are expressly excluded as lawful charges by § 6-5-253(b) when the redeeming party is the child of the debtor. Section 6-5-253(b) provides that, "[i]f the redeeming party is the debtor, mortgagor, their respective spouses, children, heirs, or devisees then, unless otherwise provided herein, the judgments, mortgages, and liens revived pursuant to 6-5-248(d)[, Ala. Code 1975,] are not lawful charges as defined in subsection (a)." (Emphasis added.) Moreover, Cashion and Newsome Law's citation to Southeast Enterprises, Inc. v. Byrd, 720 So. 2d 873, 874 (Ala. 1998), is inapposite because that case concerned redemption by a junior mortgagee, see § 6-5-253(a)(4), and it did not involve redemption by the child of a debtor. Here, Hayden is seeking to redeem property previously owned by his father. Although the redemption will revive the previous judgments under § 6-5-248(d), those judgments are explicitly exempted

6

by § 6-5-253(b) from the "lawful charges" that Hayden is required to tender to redeem the property.

In dismissing the action, the trial court stated that there was no "necessity of a Court Order or other action." However, Cashion has demanded a redemption price that exceeds the amount authorized by the redemption statutes and has rejected Hayden's tender of an amount purportedly representing the purchase price and interest for each parcel. Accordingly, pursuant to § 6-5-256, Ala. Code 1975, the trial court has a statutory obligation to "settle and adjust all the rights and equities of the parties." The trial court's judgment dismissing Hayden's redemption action against Cashion is, therefore, reversed, and the cause is remanded for further proceedings consistent with this opinion.

Hayden also named Newsome Law as a defendant in his redemption action. The record, however, indicates that Newsome Law was not the purchaser of the property against whom a right of redemption lies, and Hayden's arguments on appeal do not directly address the trial court's dismissal of his claim as to Newsome Law. Accordingly, the judgment is affirmed insofar is it dismisses Hayden's redemption action against Newsome Law.

7

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Shaw, Acting C.J.,* and Mendheim, J., and Windom, Kellum, and McCool, Special Justices,* concur.

Sellers, J., concurs in part and dissents in part, with opinion.

Parker, C.J., and Wise, Bryan, Mitchell, and Cook, JJ., recuse themselves.

_____

*Because five members of the Supreme Court, including the Chief Justice, recused themselves, on October 10, 2024, Acting Chief Justice Shaw appointed Presiding Judge Mary B. Windom, Judge J. Elizabeth Kellum, and Judge Chris McCool, of the Alabama Court of Criminal Appeals, to serve as Special Justices in this appeal.

SELLERS, Justice (concurring in part and dissenting in part).

Rule 28(a)(10), Ala. R. App. P., requires an appellant's brief to contain a cogent argument supported by citations to the record and to appropriate authority. In the present case, I do not believe that the brief of appellant Steven Mark Hayden, Jr., justifies reversing the trial court's judgment. Hayden provides a series of quotations from statutes and caselaw without sufficiently expounding on that authority. The majority's application of the relevant statutory provisions appears to present the possibility of a continuous loop: redemption, followed by a sheriff's sale, followed by another redemption and another sheriff's sale, and so on. I am hesitant to acknowledge such a result without sufficient briefing. In short, I would affirm the trial court's judgment in its entirety, deferring to its ability to apply the law to the facts in order to render a fair and just decision.