Rel: July 25, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2025

————————————

### CL-2025-0248

————————————

### Gail Bradley

### v.

### LaDonna Spivey, as trustee of The Walden Family Trust

### Appeal from Dale Circuit Court
### (CV-24-900193)

HANSON, Judge.

This appeal arises from a judgment entered, pursuant to Rule 12(b)(6), Ala. R. Civ. P., by the Dale Circuit Court dismissing an action initiated by Gail Bradley, in which she sought to modify or terminate an

alleged trust, i.e., "The Walden Family Trust" ("the trust"). We reverse and remand.

Bradley initiated the action giving rise to this appeal in December 2024 by filing a complaint and effecting service thereof upon the purported trustee of the trust, LaDonna Spivey ("the trustee"). Bradley's original complaint alleged that the trust did not reflect the intentions of its ostensible settlor, Mildred Walden ("Mildred"), who, it was further alleged, had intended to "update" her requests but whose intent was purportedly not carried out by the trustee. Bradley's amended complaint, filed after the trustee had filed a motion to dismiss averring that the original complaint failed to state a claim upon which relief could be granted, expressly invoked Ala. Code 1975, § 19-3B-412, a portion of Alabama's Uniform Trust Code ("the UTC") that, in pertinent part, provides for modification or termination of trusts on the basis of circumstances unanticipated by the settlor or an inability to effectively administer a trust; the amended complaint also contained an attached exhibit ("the exhibit") consisting of both a two-sided document allegedly handwritten by Mildred dated May 14, 2023, that sets forth certain "last requests" and a document dated September 12, 2024, in which "all the

2

heirs at law" of Mildred (including Bradley and her siblings Renee Tristan and Marty C. Walden) affirmed their satisfaction with the division of Mildred's personal property. In both the original complaint and the amended complaint (which, under Alabama law, superseded the original complaint and became the sole operative complaint, see Deaton v. South Highland Child Dev. Ctr., Inc., 405 So. 3d 244, 250-51 (Ala. 2024)), Bradley sought an injunction that would prevent the sale of a homeplace that was said to be an asset of the alleged trust.

After a hearing on the trustee's motion, the circuit court entered a judgment of dismissal. In pertinent part, the circuit court stated in its judgment that its decision to grant the motion to dismiss was based upon the ground that "the [e]xhibit does not bear a notarized signature of the [s]ettlor sufficient to modify the administrative or dispositive terms of the [t]rust." Bradley filed a motion pursuant to Rule 59(e), Ala. R. Civ. P., seeking vacatur of the judgment, averring that such a dismissal is proper under Alabama law only if it is apparent that a plaintiff can offer no set of facts in support of the relief requested (citing Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993)), and suggesting that relief could be granted by adducing parol evidence in the form of testimony indicating that

3

Mildred had been transported during her lifetime to the trustee's office "for the specific purpose of modifying the terms of" the trust. However, the circuit court denied Bradley's postjudgment motion, and Bradley timely appealed. Upon transfer by our supreme court pursuant to Ala. Code 1975, § 12-2-7(6), this court has appellate jurisdiction.

On appeal, Bradley contends that the circuit court erred in dismissing her action, arguing that the proper test is not whether she will ultimately prevail but only whether she might possibly prevail, i.e., that the dispositive issue is whether Bradley might be able to offer proof entitling her to relief or, alternatively, whether it appears beyond doubt that she cannot present facts which would entitle her to relief. Although we lack the benefit in this case of an appellee's brief, we agree that Bradley has correctly stated the applicable standard of appellate review:

> "'"On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. In making this determination, [an appellate court] does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."'"

4

Sumter Cnty. Bd. of Educ. v. University of W. Alabama, 349 So. 3d 1264, 1271 (Ala. 2021) (quoting Lloyd Noland Found., Inc. v. HealthSouth Corp., 979 So. 2d 784, 791 (Ala. 2007), quoting in turn Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993)).

In this case, the amended complaint alleges the existence of an Alabama trust. It is unclear from the record whether there exists a document constituting a "trust instrument" under the UTC, i.e., "an instrument executed by the settlor that contains terms of the trust, including any amendments thereto." Ala. Code 1975, § 19-3B-103(20). The UTC provides that a trust "may be created by," among other means,

"(1) transfer of property to another person as trustee during the settlor's lifetime or by will or other disposition taking effect upon the settlor's death;

"(2) declaration by the owner of property that the owner holds identifiable property as trustee; [or]

"(3) exercise of a power of appointment in favor of a trustee."

Ala. Code 1975, § 19-3B-401. In addition, the UTC states that a trust is created only if (1) the settlor had capacity to create one, (2) the settlor indicates an intent to create a trust, (3) the trust has a definite beneficiary or otherwise has a permissible trust objective, (4) the trustee

5

is required to discharge duties, and (5) there is not a single person who is both the sole trustee and the sole beneficiary. Ala. Code 1975, § 19-3B-402(a).

As to the matter of formalities of creation, under the UTC, in the absence of a contrary statute, "a trust need not be evidenced by a trust instrument," although "the creation of an oral trust and its terms may be established only by clear and convincing evidence." Ala. Code 1975, § 19-3B-407. Nevertheless, our legislature has provided by statute since at least 1852 that express trusts concerning lands (as opposed to resulting or constructive trusts) can only be created "by [an] instrument in writing, signed by the party creating or declaring the same, or his or her agent or attorney lawfully authorized thereto in writing." Ala. Code 1975, § 19-3B-1301; accord Ala. Code 1852, § 1320. Regarding what sort of writing is necessary under that principle of law, however, our supreme court

> "has held consistently that no particular form of words is required to create a trust, but that any instrument in writing signed by the parties, or party, at the time of the trust's creation, or subsequently, will suffice, if the nature, subject matter, and objects of the trust [are] manifested with reasonable certainty by the instrument."

Jones v. Ellis, 551 So. 2d 396, 399 (Ala. 1989); accord Hodge v. Joy, 207 Ala. 198, 205-06, 92 So. 171, 177-78 (1921) (indicating that trust and its terms may appear from any number of documents).

The specific terms of the trust allegedly at issue in this case are not enunciated in the complaint as amended; however, an indication as to what might have been the subjects and who might have been the beneficiaries of the trust appears in the exhibit, which, as we have noted, includes an apparent handwritten statement on Mildred's part:

"May 14, 2023

"Update on my requests

"Get large dumpster and dump what the three of you or the kids don't want.

"Use money in the vault to do repairs on house.  Money left to be divided three ways. Marty, Gail, & Renee.  Marty gets 4-wheeler.  Leah gets my car.

"Use money in bank to pay off debts left.  Any left divide three ways.

"House to be sold and LaDonna Spivey to close on it. Michael and Tim is [sic] not to be involved in sale of house in anyway.

"Money from house sale to be divided three ways after Donna's fee. [arrow drawn] Marty, Gail & Renee

"over

"My funeral – Graveside [word circled]

"Papers in vault concerning cost of funeral. Everything paid for. Want Tim to say a few words at graveside. Must be good words. Haha

"[names of nominated and excluded pallbearers]

"Hope you three will corporate [sic] for my Last requests.

"Love You All!

"Mom"

The exhibit thus indicates a number of potential subjects that might have been within the permissible scope of a trust created by Mildred, such as the satisfaction of her debts, the disposition of her personal property, the refurbishing and disposition of her real property, the welfare of her children and their descendants, and the conduct of her funerary rituals.

In its judgment dismissing Bradley's complaint seeking relief potentially available under the UTC with respect to a trust, the circuit court deemed dispositive Bradley's having neglected, at the pleading stage, to have submitted a document containing "a notarized signature" of Mildred that, that court opined, would be necessary "to modify the administrative or dispositive terms of" the trust alleged to exist. However, the availability of the modification and/or termination relief

sought by Bradley under § 19-3B-412 is not made dependent upon the existence of such evidence, much less its presentation in response to a motion to dismiss: subsection (a) of the statute simply states that "[t]he court <u>may modify</u> the administrative or dispositive terms of a trust <u>or terminate</u> the trust if, because of circumstances not anticipated by the settlor, modification or termination will further the purposes of the trust" (emphasis added), although the court is cautioned that, "[t]o the extent practicable," any modification "be made in accordance with the settlor's probable intention" (<u>id.</u>).  While the burden at trial to adduce evidence as to the essential aspects of the trust at issue may properly rest upon Bradley, we cannot say that there is no doubt whatsoever that Bradley cannot prove a set of facts in support of her trust-modification or trust-termination claims under the UTC, as the applicable standard of review requires for affirmance.

Based upon the foregoing facts and authorities, the judgment of the circuit court dismissing Bradley's action is reversed.  The cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Moore, P.J., and Edwards, Fridy, and Bowden, JJ., concur.