Rel: December 12, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

### SC-2025-0511

_____

### Nearen Construction Company, LLC

### v.

### The Armory Commission of Alabama

### Appeal from Montgomery Circuit Court
### (CV-25-900081)

SELLERS, Justice.

Nearen Construction Company, LLC ("Nearen"), appeals from a

judgment of the Montgomery Circuit Court ("the trial court") dismissing

its complaint against the Armory Commission of Alabama ("the Commission"), alleging a violation of the competitive-bid laws applicable to public-works contracts. See Ala. Code 1975, §39-1-1 et seq. We reverse and remand.

## I. Facts Alleged in Complaint

According to the allegations of the complaint, the Commission advertised sealed bids for the construction of a military project designated as the Huntsville Readiness Center ("the project"). At the prebid meeting, bidders for the project were informed that the Commission "preferred," among other things, two originals of the bid form. Due to an oversight, Nearen submitted only one bid form. The bid otherwise conformed to the requirements and preferences imposed by the Commission. In December 2024, Erich Babbitt, the contracting officer for the Commission, opened and read the sealed bids. After determining that Nearen had submitted only one bid form, Babbitt rejected the bid, completely excluded it from the bid tabulation/abstract, and refused to read it publicly. In January 2025, after unsuccessfully exhausting all available administrative remedies, Nearen commenced an action against the Commission pursuant to Ala. Code 1975, § 39-5-4, seeking to enjoin

2

the letting or execution of the contract to construct the project and to recover its bid-preparation costs. Nearen alleged, among other things, that it was the lowest responsible and responsive bidder and that the Commission had failed to open its bid publicly and to consider its bid when its only nonconformity, i.e., failing to submit two bid forms, constituted a minor irregularity. Following a hearing, the trial court granted the Commission's motion to dismiss, pursuant to Rule 12(b)(6), Ala. R. Civ. P. Nearen appealed.

## II. Standard of Review

"On appeal, a dismissal is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So. 2d 928, 930 (Ala. 1981); Allen v. Johnny Baker Hauling, Inc., 545 So. 2d 771, 772 (Ala. Civ. App. 1989). The appropriate standard of review under Rule 12(b)(6), [Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So. 2d 640, 641 (Ala. 1985); Hill v. Falletta, 589 So. 2d 746 (Ala. Civ. App. 1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [the plaintiff] may possibly prevail. Fontenot v. Bramlett, 470 So. 2d 669, 671 (Ala. 1985); Rice v. United Ins. Co. of America, 465 So. 2d 1100, 1101 (Ala. 1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden,

3

495 So. 2d 616, 617 (Ala. 1986); Hill v. Kraft, Inc., 496 So. 2d 768, 769 (Ala. 1986)."

Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993). See also Fraternal Order of Police, Strawberry Lodge No. 40 v. Entrekin, 294 Ala. 201, 211, 314 So. 2d 663, 672 (1975) (noting that pleadings are required to give notice and are not required to precisely plead every fact necessary to entitle the pleader to a judgment).

## III. Discussion

The dispositive issue on appeal is whether Nearen has alleged sufficient facts to withstand a dismissal of its complaint alleging a violation of the competitive-bid laws applicable to public-works contracts. Nearen argues that it was the lowest responsible and responsive bidder under § 39-2-6(a), Ala. Code 1975, such that it could maintain an action under § 39-5-4 to enjoin the letting of the contract for the project and to recover its reasonable bid-preparation costs. It is undisputed that the project concerns the construction of a structure; thus, any contract for the project qualifies as a public-works contract governed by competitive-bid laws. See Ala. Code 1975, § 39-2-1(6)(defining public works to include, among other things, the construction of a structure with public funds).

4

Pursuant to § 39-2-6(a), a public-works contract must be awarded to the lowest responsible and responsive bidder unless certain exceptions apply:

> "The contract <u>shall be awarded to the lowest responsible</u> and <u>responsive bidder</u>, unless the awarding authority finds that all the bids are unreasonable or that it is not in the interest of the awarding authority to accept any of the bids. A responsible bidder is one who, among other qualities determined necessary for performance, is competent, experienced, and financially able to perform the contract. <u>A responsive bidder is one who submits a bid that complies with the terms and conditions of the invitation for bids. Minor irregularities in the bid shall not defeat responsiveness.</u>"

(Emphasis added.) If § 39-2-6(a) is violated, an unsuccessful or disqualified bidder

> "may maintain an action to enjoin the letting or execution of any public works contract in violation of or contrary to the provisions of [Ala. Code. 1975, Title 39,] or any other statute and may enjoin payment of any public funds under any such contract. In the case of a successful action brought by a bidder, reasonable bid preparation costs shall be recoverable by that bidder."

§ 39-5-4.

Nearen alleges that the Commission should not have rejected its bid because, it says, it was the lowest responsible and responsive bidder. First, Nearen alleges in its complaint that its bid was significantly lower than any of the bids submitted and listed on the bid tabulation/abstract. Nearen further alleges that, if the Commission awards the contract to

5

another bidder, the Commission will spend more than $750,000 of taxpayer funds than it would by accepting Nearen's bid. Next, to prove that it was a responsible bidder, Nearen alleges facts indicating that it met all the prequalifications to submit a bid to the Commission and that it recently successfully constructed a similar project for the Commission in Foley. Those allegations, when accepted as true, do not foreclose Nearen's ability to prove that it was a responsible and responsive bidder. Finally, Nearen supports its allegation that it was the lowest responsive bidder by alleging facts indicating that it submitted a timely bid, although its bid failed to include a second completed bid form. Nearen argues that, in accordance with § 39-2-6(a),

> "Nearen's inadvertent failure to include a second original signed bid in the sealed bid packet <u>is a minor irregularity or informality that does not justify rejection of the bid if the Contracting Officer had been at the point of legally evaluating whether Nearen was a responsible and responsive bidder.</u> Any requirement of a second bid in the envelope is a matter of form and does not substantively affect the bid."

In viewing the allegations in Nearen's complaint most strongly in its favor, a court could find that, because Nearen complied with all the statutory requirements for submitting a sealed bid, except for a minor, nonsubstantive requirement that "is a matter of form," Nearen's failure

6

to include a second completed bid form was a minor irregularity that does not defeat the adequacy of the entire bid. Although the parties dispute who has the discretion to determine what a minor irregularity is, at this stage of the proceedings this Court's task is not to make such a determination; rather, our task is to assess the sufficiency of the pleadings to determine whether Nearen might succeed if the allegations in the complaint are factually established and if, under the law, those established facts would entitle it to relief. Under Alabama's liberal notice-pleading standard, dismissal is proper only when there exists <u>no set of facts</u> under which the plaintiff could prevail. <u>Nance</u>, 622 So. 2d at 299. By accepting Nearen's allegations as true and drawing all reasonable inferences in its favor, this Court cannot conclude that Nearen's requests for relief relating to the bidding process are foreclosed. Thus, the trial court erred in dismissing Nearen's complaint.

## IV. Conclusion

We conclude that, under the standard of review applicable to rulings on motions to dismiss under Rule 12(b)(6), Nearen's complaint was improperly dismissed for failure to state a claim upon which relief could be granted. <u>See</u> <u>Ex parte Mobile Infirmary Ass'n,</u> 349 So. 3d 842,

847 (Ala. 2021) ("We emphasize that, at this stage of the proceedings, the applicable standard of review required the circuit court and requires this Court to view [Nearen's] allegations most strongly in [its] favor and to consider only whether [it] might possibly prevail if [it] can prove [its] allegations. See Ex parte Abbott Lab'ys, 342 So. 3d [186,] 194 [(Ala. 2021)]. The issue before us is not one of proof; rather, the issue is whether the action can be maintained if [Nearen's] allegations are true. See id."). Because, at this juncture in the proceedings, no discovery has occurred and Nearen has not factually developed its case, we can review only the complaint. In doing so, we hold that the allegations therein regarding the claim that the Commission violated the competitive-bid laws applicable to public-works contracts was sufficiently pleaded, thus leading us to conclude that there is a possible, factual basis, if developed and proven, upon which relief could be granted. We therefore reverse the trial court's judgment dismissing Nearen's complaint and remand the case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Stewart, C.J., and Wise, Mendheim, and Cook, JJ., concur.

Parker, J., recuses himself.

8