MADDOX, Justice.
The sole issue presented in this appeal is whether the trial court erred in declaring a deed to be totally inoperative as to any of the named grantors because the deed was not executed by all of the named grantors. Stated more directly, the issue is whether a deed in which several persons are named as grantors is operative to convey the interest of any named grantor who does execute it.
The property which is the subject of this action is approximately forty acres; one acre lies in the northeast corner of the SE Vi of the SW Vi of Section 13, Township 9, Range 8; the remaining acreage is the SW Vi of the SE Vi of Section 13, Township 9, Range 8, less one acre known as the Jim Davidson homeplace. All of the property is located in Monroe County, Alabama.
This property was conveyed to Adam Travis and his wife, Kate Travis, by a deed dated November 21, 1918. Appellants allege that the property was actually bought by Alexander Travis, but taken in the names of Adam and Kate Travis, his father and mother, because Alexander had not then reached the age of majority. The deed to Adam and Kate Travis does indicate ■ that the consideration was paid by Adam, Kate and Alex Travis.
The appellants are the heirs of Alexander Travis. The appellees are Emma Beck, the sister of Alexander Travis, and the heirs of the six other children of Adam and Kate Travis, both of whom died intestate.
Appellants’ complaint contained three counts. In count one, appellants requested that title to the subject property be quieted in them based upon a purchase money resulting trust in favor of Alexander Travis. Count two was an in rem proceeding to quiet title under Code 1975, § 6-6-560; appellants demanded the same relief as they had in count one. In count three, appellants claimed alternatively; they asked the court if the court found against them on counts one and two, that the court determine who held title to the property and that the property then be sold and the proceeds be divided between the individuals whom the court had determined to be the owners of the property.
The trial court, after hearing the case ore tenus, issued its decree which ordered a sale for division based upon its determination of the owners of the property. In discussing counts one and two of the complaint the court stated:
That, at the time said lands were acquired by Adam Travis and Kate Travis, there was no agreement, express or implied, that the title to said lands would be taken or vested in Alexander Travis, and the Court finds that Alexander Travis did not pay the entire purchase price or consideration for the purchase of said lands. Therefore, the Court declines to declare a resulting trust in favor of Alexander Travis, or his heirs and assigns, in and to the said lands.
The trial court addressed the issue presented in this appeal, namely the effect of a deed to the subject property in 1966, executed by some, but not all of the grantors named therein. The named grantee was Alexander Travis and the stated consideration was one dollar. Listed as grantors were:
Emma Becks, a widow, Willie Travis, single, Dora Lee Sanders, and husband, Nicholas Sanders, Lillian Richardson and husband, Hybart Richardson, T. J. Travis, Luella Love, Costella Travis, Alnora Rat-cliff, James Adorn Travis, George Lee Travis, Grace Travis Montgomery, Kimb-rough Travis, Marzella Brown, Lenora Sanders, Willie Frank Stallworth, C. D. Stallworth, Essie Kate Stallworth Edwards, who together with the grantee constitute all the heirs at law and next of kin of Adam and Kate Travis....
The deed was only executed by Hybart and Lillian Richardson, Emma Beck, Lenora Sanders, Dora Lee and Nicholas Sanders, *245 Willie Travis, Essie K. S. Edwards, Marzella Brown, C. D. Stallworth and Willie Prank Stallworth. It was not executed by T. J. Travis, Luella Love, Costella Travis, Alnora Ratcliff, James Adorn Travis, George Lee Travis, Grace Travis Montgomery or Kimb-rough Travis.
The trial court found:
The Court further finds that the instrument dated August 8,1966, purporting to be a conveyance to Alexander Travis, is incomplete on its face in that all of the named grantors did not execute the same. The Court finds that it was the intention of the parties named in the said instrument that the instrument would not be effective as a conveyance unless and until all of the grantors named therein had executed the said instrument. Therefore, the said instrument dated August 8,1966, is totally inoperative as a conveyance and is given no effect by the Court.
The factual findings of the trial court on conflicting evidence, which was sitting ore tenus, may not be disturbed unless the findings are palpably erroneous and without supporting evidence. Gertz v. Allen, 376 So.2d 695 (Ala.1979).
While we are conscious of the strong presumption attending a trial judge’s finding of fact when he sees and hears the witnesses testify, we have examined the record here and find little evidence to support the trial court’s findings. The only “evidence” which could support the finding that the grantors did not intend for the deed to be operative “unless and until” all of the grantors had signed it is the recital in the deed that the grantors along with the grantee constitute all the heirs and next of kin of Adam Travis and Kate Travis. The inference would be that all the heirs were desirous of getting the title to the land back in Alexander Travis. This recital in the deed is insufficient evidence to support the trial court’s finding that the grantors who did sign the deed did so conditionally.
Since we are unable to find support for the finding that the grantors did not intend for the deed to be operative unless and until all of them had executed it, we turn next to the question of whether as a matter of law a deed which is executed by some, but not all, of the grantors is totally inoperative. We have been unable to find any Alabama cases which address this issue, but it has been addressed in at least two jurisdictions.
In Cities Service Oil Co. v. Viering, 404 Ill. 538, 89 N.E.2d 392 (1949), it was stated:
In the case of Heckmann v. Detlaff, 283 Ill. 505, 119 N.E. 639, it was held that a warranty deed, stating in the body thereof that it was made by a husband and wife, but which was signed and acknowledged only by the husband, is, as to property of the husband other than his homestead estate, valid and binding upon the husband, and that the fact, alone, that the names of both husband and wife are in the body of the deed does not show it was not intended to be binding on the husband unless executed by both grantors.
In Gonzales v. Gonzales, 267 Cal.App.2d 428, 73 Cal.Rptr. 83 (1968), the California Court of Appeals opined:
The governing law has been stated as follows: “A deed in which several persons are named as grantors obviously is ineffective as against any such person who has not executed it. However, such an instrument is operative to convey the interest of any person named as grantor who does execute it, unless it is drawn with the obvious intention that it shall not take effect until executed by all persons named as grantors, as in the case of a deed of partition.” (15 Cal.Jur.2d, Deeds, § 74, p. 473; to the same effect. See 4 Tiffany on Real Property (3d ed. 1939), § 1023, p. 181.)
This rule has also been stated in 26 C.J.S. Deeds, Section 32.
We hold that the 1966 deed is operative as to those grantors who executed that deed. Therefore, the judgment of the trial court finding that deed to be totally inoperative is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ„ concur.