This is an appeal from the dismissal of a third-party complaint.
Richard Coggin sued Theresa L. Mikkelsen and her father, William R. Mikkelsen, for damages for personal injuries, and Richard's wife Lisa Coggin sued the Mikkelsens for damages for loss of consortium; the Coggins alleged that the injuries resulted from a collision between the vehicle Theresa Mikkelsen was driving and the bicycle Richard Coggin was riding. Against Theresa Mikkelsen the Coggins alleged negligence, gross negligence, and wantonness and/or recklessness in the operation of her vehicle. Against William Mikkelsen the Coggins alleged the negligent entrustment of his vehicle to Theresa Mikkelsen. The Mikkelsens answered, generally denying the allegations in the complaint. Thereafter, they filed a third-party complaint against Dr. Samir Salama, a physician who had treated Theresa Mikkelsen and had prescribed medication for her for a mental condition known as "bipolar disorder" (a manic/depressive illness). Dr. Salama moved to dismiss the third-party complaint pursuant to Rule 12(b)(6), Ala.R.Civ.P., alleging that it failed to state a claim upon which relief could be granted and that the Mikkelsens sought indemnity or contribution that was not allowed under Alabama law. The trial court granted Dr. Salama's motion to dismiss and certified the judgment of dismissal as final pursuant to Rule 54(b), A.R.Civ.P. The Mikkelsens appeal. We reverse and remand.
Although the Mikkelsens maintain that they are not joint tort-feasors with Dr. Salama, they nevertheless contend that if they are determined to be joint tort-feasors they should have been allowed to proceed against Dr. Salama because, they say, this case fits within a recognized exception to the rule prohibiting indemnity among joint tort-feasors — the exception applies in those instances "where both parties are at fault, but the fault of the party from whom indemnity is sought was the proximate or primary cause of the injury." Crigler v.Salac, 438 So.2d 1375, 1385 (Ala. 1983). According to the Mikkelsens, this case fits within that exception because Dr. Salama's "failure to warn [Theresa] and her father that [she] should not operate automobiles while suffering from 'bi-polar disorder' and *Page 1384 
taking [the prescribed medication for the disorder] was the proximate or primary cause of the Coggins' injuries."
According to Dr. Salama, although the Mikkelsens alleged that he "negligently failed to advise or warn Theresa about certain alleged facts, [they] failed to allege that [he] did not conform to the proper standard of practice in his treatment [of] or advice [to] Theresa," so as to state a claim against him under the Alabama Medical Liability Act, Ala. Code 1975, § 6-5-540 et seq. He also maintains that the trial court properly dismissed the Mikkelsens' third-party complaint as a claim for indemnity or contribution among tort-feasors not allowed under Alabama law.
A dismissal for failure to state a claim is proper only if it appears beyond a reasonable doubt that the nonmoving party can prove no set of facts that would entitle him to relief. See,Pearce v. Schrimsher, 583 So.2d 253 (Ala. 1991).
Generally, under Rule 8, Ala.R.Civ.P., pleadings need only put the defending party on notice of claims against him; however, Ala. Code 1975, § 6-5-551, qualifies the generalized pleadings permitted by Rule 8(a) by requiring in medical malpractice actions that the complaint include a detailed specification and factual description of the act and omission the plaintiff says renders the health care provider liable to the plaintiff. See, e.g., Miller v. Mobile County Board ofHealth, 409 So.2d 420 (Ala. 1982). Section 6-5-551 provides:
 "In any action for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care the plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff. . . . Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief can be granted."
There are no cases specifically dealing with the pleading requirements of § 6-5-551. However, because the pleading requirements of § 6-5-551 are similar to the requirement of pleading fraud with specificity under Rule 9(b), Ala.R.Civ.P., the comments and the case law applicable to Rule 9 aid us in determining whether a pleading sufficiently complies with the requirements of § 6-5-551.
Thus, when a plaintiff files a complaint alleging that a health care provider breached the standard of care owed to the plaintiff, although every element of the cause of action need not be stated with particularity, the plaintiff must give the defendant health care provider fair notice of the allegedly negligent act and must identify the time and place it occurred and the resulting harm. If the complaint affords the defendant health care provider fair notice of these essential elements, the courts should strive to find that the complaint includes the necessary "detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff." Section 6-5-551; seeComments, Rule 9; see, e.g., Keller v. Security Federal Savings Loan Ass'n, 555 So.2d 151 (Ala. 1989); Kabel v. Brady,519 So.2d 912 (Ala. 1987).
Therefore, in order for the Mikkelsens to state a claim for relief against Dr. Salama, they had to include in their third-party complaint a statement of the allegedly negligent act of Dr. Salama, identifying the time and place it occurred and the resulting harm.
The Mikkelsens' third-party complaint reads, in part, as follows:
 "[I]f they or any of them is found to be liable to [the Coggins] on the occasion complained of in the complaint on the grounds that it was negligence, gross negligence, wanton conduct or reckless conduct for [Theresa] to operate or be allowed to operate an automobile on the occasion in question while under the care of [Dr. Salama] who, with full knowledge of [Theresa's] condition, had not warned her not to drive, and who, in fact encouraged her to drive, or while taking medication prescribed by [Dr. Salama], without having been warned by [Dr. Salama] *Page 1385 
or by labels or in any other way that she should not operate an automobile while taking such medication, . . . then . . . [Dr. Salama] is liable over to them for any and all such liability and damage on the following grounds:
". . . .
 "B. Prior to the automobile accident which is the subject of this action, [Theresa] was under the medical care of [Dr. Salama] and while under such medical care was diagnosed by him and treated by him for a certain mental condition then described by him as 'bipolar disorder.'
 "C. While treating [Theresa] . . ., [Dr. Salama] prescribed for . . . and instructed [Theresa] to take on a regular basis, a prescription medication known as halperidol. [The third-party complaint uses the word 'halperidol.' This is apparently a reference to the drug 'haloperidol.' See Physician's Desk Reference, 1424-26 (47th ed. 1993).]
 "D. While treating [Theresa] . . ., [Dr. Salama], knowing full well the condition of [Theresa] and knowing full well that he had prescribed for her and instructed her to take on a regular basis, a prescription medication known as halperidol, nevertheless did not advise or instruct [Theresa], her father, . . . or any other member of her family, that she should not operate an automobile.
 "E. While treating [Theresa] . . ., [Dr. Salama], knowing full well [the] condition of [Theresa] and knowing full well that he had prescribed for her and instructed her to take on a regular basis, a prescribed medication, known as halperidol, nevertheless did advise and instruct [Theresa] and her father, . . ., and her mother, . . ., that [Theresa] should live a normal life and drive herself to and from her place of employment.
 "F. The automobile accident made the basis of [the Coggins'] complaint occurred while [Theresa] was driving herself home from her place of employment, as [Dr. Salama] had instructed her to do; and during the several weeks preceding the said accident, [Theresa] took on a regular basis, as prescribed by [Dr. Salama], the halperidol medication which [he] had prescribed for her."
The Mikkelsens' third-party complaint met the requirements of § 6-5-551 by giving Dr. Salama fair notice of the claim asserted against him and against which he had to defend. It sufficiently alleged that Dr. Salama's negligent act was his failure to warn Theresa or her family that she should not drive while suffering from the mental disorder he had diagnosed or while taking the medication he had prescribed; it sufficiently alleged that his negligent act was informing Theresa that she should live a normal life and drive herself to and from her place of employment; it sufficiently alleged the date and place of his negligent act; and it sufficiently alleged that the harm resulting from his negligent act was the accident made the basis of this case, which, it alleged was the proximate or primary cause of the Coggins' injuries.
The trial court erred in dismissing the Mikkelsens' third-party complaint against Dr. Salama.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.