LYONS, Justice
(dissenting).
In actions against a health-care provider, the legislature has prohibited discovery of evidence regarding acts or omissions other than those alleged in the complaint, and it has required that the plaintiffs complaint be substantiated by “a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff.” § 6-5-551, Ala.Code 1975. The complaint here contains general allegations of wrongdoing on the part of Dalraida in connection with its screening, training, and assigning personnel, as well as its understaffing of the facility or otherwise having caused a “systemic” failure to enforce policies that minimize the risk of wrongdoing. If these allegations rose to the level of “a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff,” then the discovery at issue would be authorized by § 6-5-551. In Mikkelsen v. Salama, 619 So.2d 1382 (Ala.1993), this Court held that § 6-5-551 required that a defendant be given fair notice of the allegedly negligent acts and that that notice identify the time and place those acts occurred and the resulting harm. McCol-lough’s allegations are far less specific than those approved in Mikkelsen, and, hence, are beyond the scope of discovery authorized by the statute.
Because I conclude that the discovery sought by McCollough is prohibited by the statute, I also address the issue regarding the constitutionality of the statute. I find no violation of Art. Ill, § 43, Ala. Const. of 1901 (separation of powers), because the Constitution allows the legislature to enact rules governing procedure. § 6.11, Amend. No. 328, Ala. Const. of 1901. Because I find no equal-protection clause in the Alabama Constitution, I will refrain from making an equal-protection analysis. See Smith v. Schulte, 671 So.2d 1334, 1348 (Ala.1995) (Houston, J, dissenting), cert. denied, 517 U.S. 1220, 116 S.Ct. 1849, 134 L.Ed.2d 950 (1996). A plaintiffs right to a remedy is secured by Art. I, § 13, Ala. Const, of 1901. Nevertheless, I am persuaded that the authority of the Court to act in regard to alleged violations of § 13 is limited to instances in which the legislature takes away a remedy after a cause of action has accrued and that it does not extend to instances in which, as here, the legislature modifies or limits a remedy. Mayo v. Rouselle Corp., 375 So.2d 449 (Ala.1979). Finally, I find no due-process violation. Section 6-5-551 affords a proceeding before a tribunal, with notice and an opportunity to be heard. I decline to indulge in a substantive-due-proeess analysis that would lead to striking down a statute in a situation where I might disagree with the result that would be reached upon application of the statute. Our inquiry should be limited to questions of legislative power and should not include questions of expediency or wisdom. Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 9-10, 18 So.2d 810 (1944), cert. dismissed, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945).
MADDOX and SEE, JJ., concur.