PER CURIAM.
Alvin Murray, an inmate at Easterling Correctional Facility (“the prison”), appeals from the judgment dismissing his civil action against Gwendolyn Mosley, who was the warden of the prison, Prison Health Services, Inc., and Kay Wilson, who was the administrator of Prison Health Services (Prison Health Services and Wilson are hereinafter collectively referred to as “PHS”).[1] In his action, which Murray initiated by filing a petition for a writ of mandamus, Murray appears to have sought an order directing Mosley and PHS to provide him with medical treatment. He also asserted tort claims against Mosley and PHS. The case-action summary indicates that service was perfected only as to PHS. There is no evidence that there was an attempt to serve Mosley, and she was never a participant in this case. See Rule 4, Ala. R. Civ. P. Because Mosley was never a party in this action, the judgment dismissing Murray’s action against PHS in its entirety was final for purposes of appeal. See Laney v. Garmon, 25 So.3d 478, 480 (Ala.Civ.App.2009) (“A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided.”).
In his petition, filed on July 30, 2004, Murray claimed that PHS denied him access to medical care that he said was necessary to treat his osteosclerosis. Murray defined osteosclerosis as “an abnormal hardening of the bones.” He claimed that, without treatment, the condition would grow worse. On October 19, 2004, Murray filed a motion to amend his “complaint,” in which he alleged that PHS had refused to “take corrective action” by performing surgery on a slipped disk in his back. Murray claimed that “[t]he medical treatment needed is inadequate [sic] and not corrective” and that “the decision not to order surgery is a substantial departure from accepted professional judgment.”
The trial court took no action on Murray’s petition, and on April 20, 2006, Murray filed a “supplemental complaint,” stating that, since his original petition had been filed in July 2004, his condition “had *1105 only worsened.”[2] He also alleged that PHS had violated the Alabama Medical Liability Act (“the AMLA”), § 6-5-480 et seq. and § 6-5-540 et seq., by providing him with “substandard medical care.” As a result of that substandard care, Murray alleged, he had been made to suffer pain for a long period, which, he said, amounted to cruel and unusual punishment. Apparently, while the litigation was pending Murray received some treatment for his physical complaints. In the supplemental complaint, he stated that, although the treatment he was receiving at that time, “though not a complete denial” of treatment, “is so substandard as it amounts to basically no treatment at all, and/or amounts to such substandard medical treatment” as to constitute cruel and unusual punishment.
On August 8, 2006, PHS filed a motion asking the trial court to dismiss Murray’s action against it. In the motion, which did not reference Mosley, PHS argued that Murray’s pleadings failed to include sufficient detail and specificity regarding the alleged medical malpractice, which is required for an action filed pursuant to the AMLA. The motion also included a laundry list of 12 other grounds for dismissal of the action, including, but not limited to, various forms of immunity, Murray’s failure to exhaust administrative remedies, and grounds asserting improper venue and lack of jurisdiction. On the same day the motion was filed, the trial court made a handwritten notation on the front of the motion indicating that it was granted. The case-action summary indicates that Murray’s action was dismissed without prejudice on August 21, 2006.
On August 29, 2006, Murray timely filed his notice of appeal to the Court of Criminal Appeals. This court’s docket sheet indicates that the Court of Criminal Appeals transferred the appeal to this court on October 20, 2006. On November 14, 2006, this court transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction. On August 15, 2012, the Alabama Supreme Court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975, and the appeal was submitted on briefs on October 22, 2012.
In his appellate brief, Murray framed the issue on appeal as whether the trial court erred in dismissing his action without conducting an evidentiary hearing. However, when one reads the body of the argument portion of his brief, it is apparent that Murray is claiming that his pleadings set forth allegations on which, Murray says, he is likely to succeed on the merits. Therefore, he says, he should have been given the opportunity to proceed with the action.
We first note that Murray’s pleadings are styled both as a petition for a writ of mandamus and as a complaint. Regardless of the caption, Murray’s pleadings initiated a civil action against PHS. Thus, his pleadings are actually a complaint and amended complaints. See King Mines Resort, Inc. v. Malachi Min. & Minerals, Inc., 518 So.2d 714, 718 (Ala.1987) (“This Court is committed to the proposition that it will treat a motion (or other pleading) and its assigned grounds according to its substance.”); see also Gibson v. Staffco, L.L.C., 63 So.3d 1272, 1273-74 (Ala.Civ.App.2010) (same). Furthermore, although *1106 PHS moved for a dismissal on several grounds permitted by Rule 12(b), Ala. R. Civ. P., the only legal argument asserted as to any of those grounds was that Murray failed to state a claim for which relief can be granted, pursuant to Rule 12(b)(6).
The standard of review applicable to an appeal of a trial court’s judgment granting a Rule 12(b)(6) motion to dismiss is well settled. In Crosslin v. Health Care Authority of Huntsville, 5 So.3d 1193, 1195 (Ala.2008), our supreme court stated:
“In considering whether a complaint is sufficient to withstand a motion to dismiss under Rule 12(b)(6), Ala. R. Civ. P., a court ‘must accept the allegations of the complaint as true.’ Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002) (emphasis omitted). ‘ “The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief.” ’ Smith v. National Sec. Ins. Co., 860 So.2d 343, 345 (Ala.2003) (quoting Nance v. Matthews, 622 So.2d 297, 299. (Ala.1993)). In determining whether this is true, a court considers only whether the plaintiff may possibly prevail, not whether the plaintiff will ultimately prevail. Id. Put another way,
1 “a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.”’ Id. (emphasis added).”
In both its motion to dismiss and on appeal, PHS has argued that Murray failed to state a claim of medical negligence with the detail and specificity required under § 6-5-551, Ala.Code 1975. That statute provides:
“In any action for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care, whether resulting from acts or omissions in providing health care, or the hiring, training, supervision, retention, or termination of care givers, the Alabama Medical Liability Act shall govern the parameters of discovery and all aspects of the action. The plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts. The plaintiff shall amend his complaint timely upon ascertainment of new or different acts or omissions upon which his claim is based; provided, however, that any such amendment must be made at least 90 days before trial. Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted. Any party shall be prohibited from conducting discovery with regard to any other act or omission or from introducing at trial evidence of any other act or omission.”
In Mikkelsen v. Salama, 619 So.2d 1382, 1384 (Ala.1993), our supreme court discussed the pleading requirements of a claim brought pursuant to the AMLA, stating:
“[W]hen a plaintiff files a complaint alleging that a health care provider breached the standard of care owed to the plaintiff, although every element of the cause of action need not be stated with particularity, the plaintiff must give the defendant health care provider fair *1107 notice of the allegedly negligent act and must identify the time and place it occurred and the resulting harm. If the complaint affords the defendant health care provider fair notice of these essential elements, the courts should strive to find that the complaint includes the necessary ‘detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff.’ Section 6-5-551; see Comments, Rule 9[, Ala. R. Civ. P.]; see, e.g., Keller v. Security Federal Savings & Loan Ass’n, 555 So.2d 151 (Ala.1989); Kabel v. Brady, 519 So.2d 912 (Ala.1987).”
In reading Murray’s pleadings together, Murray alleges only generally that the medical care he was receiving at the prison was inadequate. He claims in his amended complaint that “[t]he decision not to order surgery [for a slipped disk in his lower back] is a substantial departure from accepted professional judgment.” However, he does not provide any of the necessary factual detail that § 6-5-551 requires to sustain a claim of medical malpractice. Murray explicitly asserted a claim of medical malpractice against PHS only in the “supplemental complaint.” The claim states that the prison health-care provider “has knowingly and willingly violated” the AMLA. Again, no specific act of malpractice is asserted. Therefore, we agree with PHS that Murray’s pleadings failed to include the requisite detail and factual description of an act of malpractice by PHS and that, therefore, the AMLA claim was due to be dismissed.
In addition to the AMLA claim, however, in his pleadings Murray sought to compel “prison officials” “to render the proper medical care needed” to treat os-teosclerosis. In his amended complaint, Murray appears also to have sought to compel treatment for a slipped disk in his lower back. Murray’s pleadings are not always clear, but in considering the pleadings “ ‘ “most strongly in [his] favor,” ’ ” Crosslin, 5 So.3d at 1195, his request to compel medical treatment appears to have been directed at both PHS and Mosley.
“ ‘An inmate in a state penal institution has a constitutional right to adequate medical treatment. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Fountain v. State, 648 So.2d 591 (Ala.Civ.App.1994). This court has further held that “[a]n evidentiary hearing is warranted in order for the trial court to determine whether an inmate in a state penal institution is receiving adequate medical attention.” Fountain, 648 So.2d at 592 (citations omitted).’
“Perry [v. State Dep’t of Corr.,] 694 So.2d [24,] 25 [ (Ala.Civ.App.1997) ].”
Crouch v. Allen, 76 So.3d 264, 266 (Ala.Civ.App.2011).
To the extent that Murray’s pleadings sought an order directing PHS to provide him with adequate medical care, there is no question that Murray would be entitled to the relief he sought if he made the proper showing of proof. In other words, Murray stated a claim for which relief can be granted. Accordingly, the trial court erred in dismissing the action as to that claim.
Murray also asserted that, in delaying or denying him the medical care he needed, the “named defendants,” which would include PHS, acted with deliberate indifference to his medical needs, causing him to suffer pain for a long period. It is true that a complaint that alleges that a health-care provider has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. King v. Correctional Med. Servs., *1108 Inc., 919 So.2d 1186, 1192 (Ala.Civ.App.2005) (citing Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). However, as the court in King also noted:
“ ‘[Deliberate indifference to serious medical needs of prisoners constitutes the “unnecessary and wanton infliction of pain,” ’ and is a violation of the Eighth Amendment right to be free from cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference can be manifested by prison personnel intentionally denying or delaying access to medical care, by prison personnel interfering with prescribed treatment, or by prison doctors responding indifferently to a prisoner’s medical needs. Estelle, 429 U.S. at 104-05, 97 S.Ct. 285.”
King, 919 So.2d at 1192 (emphasis added). Cf. Bedsole v. Clark, 33 So.3d 9, 15 (Ala.Civ.App.2009) (summary judgment was proper as to a physician against whom a claim of deliberate indifference had been alleged when inmate presented no evidence indicating that the physician had acted with deliberate indifference in rendering treatment to the inmate).
Being mindful of our duty to view the allegations in Murray’s pleadings most strongly in his favor and that a Rule 12(b)(6) dismissal “ ‘ “is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief,” ’ ” we conclude that, in alleging that PHS denied or delayed medical treatment to him, Murray has set forth a valid claim of deliberate indifference. Crosslin, 5 So.3d at 1195 (emphasis omitted). In reaching this conclusion, we do not consider whether Murray will ultimately prevail on his claim, only whether he might possibly prevail. Id. However, because Murray set forth a valid claim of deliberate indifference against PHS, the trial court erred in dismissing that claim as well.
For the reasons set forth above, we affirm that portion of the judgment dismissing Murray’s claim of medical malpractice. However, we reverse the judgment as to the claims seeking to compel medical treatment and asserting that PHS acted with deliberate indifference in denying or delaying needed medical treatment. The cause is remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. In its brief on appeal, PHS states that, although Murray has never notified it that he has been released from the prison, the Alabama Attorney General's office has indicated that Murray is no longer incarcerated. If that is the case, Murray would no longer be under the care of the prison’s health services and Murray’s request that this court direct the prison to provide him with certain medical care would be moot. As our supreme court stated in Underwood v. Alabama State Board of Education, 39 So.3d 120, 129 (Ala.2009), " '[a] case is moot when there is no real controversy and it seeks to determine an abstract question which does not rest on existing facts or rights' ” (quoting State ex rel. Eagerton v. Convin, 359 So.2d 767, 769 (Ala.1977) (emphasis omitted)). See also, e.g., King v. Campbell, 988 So.2d 969, 976 (Ala.2007) (" ‘We have held that if an event happening after hearing and decree in circuit court, but before appeal is taken, or pending appeal, makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief, the appeal will be dismissed.' ” (quoting Morrison v. Mullins, 275 Ala. 258, 259, 154 So.2d 16, 18 (1963))).
However, PHS did not attempt to supplement the record on appeal with evidence regarding Murray’s status. Because we are limited to consideration of the record on appeal, we must address Murray’s appeal. See Beverly v. Beverly, 28 So.3d 1, 4 (Ala.Civ.App.2009) ("An appellate court is confined in its review to the appellate record!;] that record cannot be 'changed, altered, or varied on appeal by statements in briefs of counsel,' and the court may not ‘assume error or presume the existence of facts as to which the record is silent.' Quick v. Burton, 960 So.2d 678, 680-81 (Ala.Civ.App.2006).”).

. We note that, in the style of the "supplemental complaint,” Murray included the name "Dr. Darbouze.” Wilson's name was not included in the style. Murray does not identify a Dr. Darbouze in the "supplemental complaint,” and the case-action summary does not show that such an individual was ever served in this case. Thus, “Dr. Dar-bouze” is not a party in this action. See Rule 4, Ala. R. Civ. P.