MOORE, Judge.
Caroline Turner (“the tenant”) appeals from a judgment of the Montgomery Circuit Court (“the trial court”) dismissing her complaint against Dee Johnson Properties, Deondra Johnson, and Ashley Johnson (hereinafter referred to collectively as “the landlord”) pursuant to Rule 12(b)(6), Ala. R. Civ. P. We reverse.

Procedural Histoi'y '

On March 23, 2015, the tenant filed a complaint against the landlord alleging that, in October 2012, she had brought to the attention of the landlord a defect in the flooring of the front porch of the house that she was leasing from the landlord. She further alleged that the defect had not been repaired and that, on March 23, 2013, a panel in the porch had given away,- causing the tenant to fall and suffer severe injuries. The tenant requested compensatory damages from the landlord. On April 29, 2015, the. landlord filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P., arguing that.the complaint indicated that the alleged hazard was open and obvious and that the tenant had been fully aware of the hazard before she had fallen, .The tenant responded to the motion on May 8, 2015. Also on May 8, 2015, the trial court entered a judgment granting the landlord’s motion to dismiss. The tenant filed a postjudgment motion on June 8, 2015; that motion was denied on June 9, 2015.[1] The tenant filed her notice of appeal to the Alabama Supreme Court on July 20, 2015; that court subsequently transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.

Standard of Review

“The standard of review applicable to an appeal of a trial court’s judgment granting a Rule 12(b)(6)[, Ala. R. Civ. P.,] motion to dismiss is well settled. In Crosslin v. Health Care Authority of Huntsville, 5 So.3d 1193, 1195 (Ala.2008), our supreme court stated:
*1199 “‘In considering whether a complaint is sufficient to withstand a motion to dismiss under Rule 12(b)(6), Ala. R. Civ. P., a court “must accept the allegations of the complaint as true.” Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002) (emphasis omitted). “ ‘The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief.’ ” Smith v. National Sec. Ins. Co., 860 So.2d 843, 345 (Ala.2003) (quoting Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993)). In determining whether this is true, a court considers only whether the plaintiff may possibly prevail, not whether the plaintiff will ultimately prevail. Id. Put another way, “ ‘a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’ ” Id. (emphasis added).’ ”
Murray v. Prison Health Servs., Inc., 112 So.3d 1103, 1106 (Ala.Civ.App.2012).[2]

Discussion

On. appeal, the tenant argues that the trial court erred in granting.the landlord’s motion to dismiss. In support of her argument, the tenant cites Campbell v. Valley Garden Apartments, 600 So.2d 240. (Ala.1992); in that case, our supreme court reversed a summary judgment in favor of the owner of an apartment complex in a premises-liability case, reasoning:
“A landlord has the duty to maintain common areas in a reasonably safe condition in order to avoid liability for injury to a tenant or a guest. Hancock v. Alabama Home Mortg. Co., 393 So,2d 969 (Ala.1981), ‘This duty is imposed so that. “tenants and their invitees may have egress and ingress without unnecessary danger in the due exercise of the privilege or necessity of going to and from [the tenant’s] apartment house or office building.” ’ Hancock, 393 So.2d at 970, quoting Preston v. LaSalle Apartments, 241 Ala. 540, 3 So.2d 411 (1941).
“The Restatement (Second) of Torts § 343A (1965) states:
“‘(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to.them, unless the possessor should anticipate the harm despite such knowledge or obviousness.’
“As quoted in Terry v. Life Ins. Co. of Georgia, 551 So.2d 385, 386 (Ala.1989).
“We note that illustration 5 to § 343A, Restatement (Second) of Torts (1965), is analogous to the present case:
“ ‘A owns an office building, in which he rents an office for business purposes to B. The only approach to the office is over a slippery waxed stairway, whose condition is visible and quite obvious. C, employed by B in the office, uses the stairway on her way to work, slips on it, and is injured. Her only alternative to taking the risk was to forgo her employment. A is subject to liability to C.’
“This Court has written:
“ ‘[0]nce it has been determined that the duty owed to an invitee has been *1200 breached, questions of contributory negligence, assumption of risk, or whether the plaintiff should have been aware of the defect are normally questions for the jury.’
“Terry, 551 So.2d at 386-87. A summary judgment is rarely appropriate in a negligence case. Berness v. Regency Square Associates, Ltd., 514 So.2d 1346 (Ala.1987).
“There was evidence that before her fall Campbell knew of the slippery condition of the steel plate connected to the sidewalk. However, only by crossing the steel plate could she go to the garbage dumpster, unless she walked through the drainage swale. Therefore, we cannot say that Campbell was con-tributorily negligent as a matter of law so as to bar her claim. There are factual questions for a jury to answer in this case. She also presented evidence that the apartment complex knew of the slippery condition of the steel plate. It can reasonably be inferred that the defendant could have anticipated harm from the condition of the steel plate on the sidewalk.”
600 So.2d at 241-42.[3]
In the present case, we cannot conclude that the tenant cannot “““prove any set of circumstances that would entitle [her] to relief.’ ” ’ ” Murray, 112 So.3d at 1106 (quoting other cases). Like in Campbell, the tenant in the present case alleged that the landlord knew of the defect in the porch and that it had failed to repair it. Moreover, like in Campbell, “[i]t can reasonably be inferred that the [landlord] could have anticipated harm from the condition of the [porch].” 600 So.2d at 242. Because the landlord failed to show “ ‘ “ ‘beyond doubt that the [tenant] can prove no set of facts in support of the claim that would entitle the [tenant] to relief,’ ” ’ ” we conclude that the trial court erred in dismissing the tenant’s complaint. Murray, 112 So.3d at 1106 (quoting other cases). We therefore reverse the trial court’s judgment and remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The 30-day period for filing a postjudgment motion directed to the trial court’s May 8, 2015, judgment expired on June 7, 2015, which was a Sunday, see Rule 59(b), Ala. R. Civ. P.; pursuant to Rule 6(a), Ala. R. Civ. P., that period was extended to the end of the next day, which was June 8, 2015, and, thus, the postjudgment motion was timely filed..

. Because only the allegations in the complaint are considered on a Rule 12(b)(6) motion to dismiss, we have not considered the somewhat different allegations stated in the tenant’s response to the motion to dismiss. Murray, 112 So.3d at 1106.

. We note that it is not precisely clear from the complaint whether the area where the injury took place was a common area; however, under the standard of review for a motion to dismiss under Rule 12(b)(6), we must consider whether there exists " 'any set of circumstances that would entitle [the tenant] to relief.’"’” Murray, 112 So.3d at 1106 (quoting other cases).