MOORE, Judge.
Buddy Giles and Sherri Giles appeal from a judgment entered by the Bessemer Division of the Jefferson Circuit Court (“the trial court”) to the extent that it dismissed their claims against Hank Black-mon. We reverse the trial court’s judgment.

Procedural History

On December 19, 2013, the Gileses filed a complaint against, among other defendants, Blackmon. The Gileses’ complaint alleged that they had hired Blackmon to conduct a home inspection on a certain house that they had contracted to purchase (“the house”). The Gileses further alleged that the home-inspection report had not revealed any termite damage or water damage to the house; however, according to the Gileses, after they had closed on the purchase of the house, they had discovered that the house had both termite damage and water damage. The Gileses alleged that they would not have completed the purchase of the house had they had known of the termite and water damage and that they had been harmed by Blackmon’s failure to note that damage on the home-inspection report.
The Gileses asserted against Blackmon claims of negligence, wantonness, misrepresentation, and breach of contract.[1] On February 24, 2014, Blackmon filed a motion to dismiss, setting forth the following grounds:
“1. The complaint fails to state a claim upon which relief may be granted.
“2. The complaint fails to allege any duty to the [Gileses] that was breached by [Blackmon].”
The Gileses specifically asserted their damages as:
“a. The difference between the market value of the home had it been sold without substantial termite damage and the present market value of the home as it exists in its damaged condition;
“b. Consequential damages for the cost of repairs to the structure of the home; and,
“e. Physical injury, mental anguish and emotional distress.”
The Gileses amended their complaint first on April 16, 2014, and .again on July 10, 2014, but neither of those amendments materially changed the claims that were initially asserted against Blackmon.
On November 12, 2015, the trial court entered a judgment granting Blackmon’s *375 motion to dismiss. On December 9, 2015, the Gileses filed a postjudgment motion. That motion was denied on December 11, 2015. The Gileses appealed to the Alabama Supreme Court; that court subsequently transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.

Standard of Review

“The standard of review applicable to an appeal of a trial court’s judgment granting a Rule 12(b)(6)[, Ala. R. Civ. P.,] motion to dismiss is well settled. In Crosslin v. Health Care Authority of Huntsville, 5 So.3d 1193, 1195 (Ala.2008), our supreme court stated:
“ ‘In considering whether a complaint is sufficient to withstand a motion to dismiss under Rule 12(b)(6), Ala. R. Civ. P., a court “must accept the allegations of the complaint as true.” Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002) (emphasis omitted). “ ‘The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief.’ ” Smith v. National Sec. Ins. Co., 860 So.2d 343, 345 (Ala.2003) (quoting Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993)). In determining whether this is true, a court considers only whether the plaintiff may possibly prevail, not whether the plaintiff will ultimately prevail. Id. Put another way, ‘“a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’ ” Id. (emphasis added).’ ”
Murray v. Prison Health Servs., Inc., 112 So.3d 1103, 1106 (Ala.Civ.App.2012).

Discussion

On appeal, the Gileses argue that their complaint, as finally amended, “alleged sufficient facts and claims against Blackmon upon which relief may be granted.” Specifically, with regard to the negligence claim, the Gileses point out that, in order to prove that claim, they must show that Blackmon owed them a duty, that he breached that duty, and that the breach proximately caused the Gileses damage. Lowe’s Home Ctrs., Inc. v. Laxson, 655 So.2d 943, 945-46 (Ala.1994). In their complaint, the Gileses alleged that Black-mon had a duty to properly inspect the house and to accurately report the findings of that inspection, that Blackmon had breached that duty, and that the breach had caused the Gileses damage. Viewing those allegations most strongly in the Gileses’ favor, we cannot conclude that “ ‘ “ ‘it appears beyond doubt that [the Gileses] can prove no set of facts in support of the [negligence] claim that would entitle [them] to relief.’ ” ’ ” Murray, 112 So.3d at 1106. Therefore, we hold that th'e trial court erred in granting Blackmon’s motion to dismiss as to the negligence claim.[2]
With regard to the misrepresentation claim, the elements of such a claim are “‘(1) a false representation (2) concerning a material existing fact (3) [reasonably] relied upon by the plaintiff (4) who was damaged as a proximate result.’” Fisher v. Comer Plantation, Inc., 772 So.2d 455, 463 (Ala.2000) (quoting Baker v. *376 Bennett, 603 So.2d 928, 935 (Ala.1992)) (bracketed language added). As the Giles-es point out, § 6-5-101, Ala.Code 1975, provides: “Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.” In their complaint, as finally amended, the Gileses alleged that Blackmon had represented that he had properly inspected the house and that there were no problems other than those problems listed on the inspection report, that those representations were material, that those representations were false, that the Gileses had reasonably relied on the misrepresentations in purchasing the house, and that they were thereby damaged. Viewing those allegations most strongly in the Gileses’ favor, we cannot conclude that “““it appears beyond doubt that [the Gileses] can prove no set of facts in support of the [misrepresentation] claim that would entitle [them] to relief.’ ” ’ ” Murray, 112 So.3d at 1106. Therefore, we hold that the trial court erred in granting Blackmon’s motion to dismiss as to the claim of misrepresentation.
With regard to the breach-of-contract claim, the elements the Gileses were required to allege were: “(1) the existence of a valid contract binding the parties in the action, (2) [their] own performance under the contract, (3) [Black-mon’s nonperformance, and (4) damages.” Southern Med. Health Sys., Inc. v. Vaughn, 669 So.2d 98, 99 (Ala.1995). The Gileses alleged that they had agreed to pay Blackmon a specified sum in return for Blackmon’s agreeing “to diligently and thoroughly inspect [the house] in accordance with all applicable standards of his profession.” The Gileses also alleged that they had paid Blackmon the specified sum but that Blackmon had failed to meet his obligations under their agreement, thereby causing them damage. Viewing those allegations most strongly in the Gileses’ favor, we cannot conclude that “““it appears beyond doubt that [the Gileses] can prove no set of facts in support of the [breach-of-contract] claim that would entitle [them] to relief.’ ” ’ ” Murray, 112 So.3d at 1106. Therefore, we hold that the trial court erred in granting Blackmon’s motion to dismiss on the breach-of-contract claim.

Conclusion

Based on the foregoing, we reverse the trial court’s judgment dismissing the Giles-es’ claims of negligence, misrepresentation, and breach of contract against Blackmon, and we remand this cause for further proceedings.[3]
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
THOMAS, J., concurs in the result, without writing.

. The Gileses also alleged that the closing attorney, David Snoddy; their realtor, Mari-lee Cade, a realtor with JRHBW Realty, Inc., d/b/a RealtySouth ("RealtySouth”); and Real-tySouth had failed to ensure that the termite bond on the house was transferred from the previous owners to the Gileses. A summaty judgment was entered in favor of Snoddy, Cade, and RealtySouth with regard to those claims. That summaty judgment is not at issue in this appeal, and the issues relevant to the summary judgment have no bearing on the issues in this appeal.

. We note that the Gileses have not argued on appeal that the trial court erred in dismissing their wantonness claim. "An argument not made on appeal is abandoned or waived." Avis Rent A Car Sys., Inc. v. Heilman, 876 So.2d 1111, 1124 n. 8 (Ala.2003), Therefore, we will not address any issues relating to that claim.

. In light of our disposition of the Gileses' arguments on the merits of the judgment dismissing the claims, we pretermit discussion of their remaining argument—that the trial court erred by failing to hold a hearing on the motion to dismiss.