THOMAS, Judge.,
James Wilson Williams was the owner of a 618-acre tract of land (“the property”). When James died in 1958, his seven children—Ralph . Williams, Gene Williams, Warren Williams, Leo Williams, Bernice Hightower, Katy McGrath, and Lucille Farrior—inherited the property as tenants in common, each with an undivided interest. Katy, who did not have heirs, died. Thus, at .one time, it appears that the surviving siblings each had an undivided one-sixth interest in the property. All the siblings are now deceased. There are two surviving widows of the siblings, Warren’s widow, Martha Williams (“Martha”) and Leo’s widow, Helen, There are 13 adult grandchildren of James. Ralph’s children are Roger and Cary. Gene’s children are Kay, John, and Jimmy.[1] Warren’s children are Emily Newman (“Newman”) and Joe. Leo’s children are Wendy, Hal, and Ken. Bernice’s child is the appellant, Martha Turner (“Turner”). Lucille’s children *1292 are Emily Watts (“Watts”) and Jef Farri- or.
On July 6, 2015, Jef filed a complaint in the circuit court seeking to quiet title to the property and seeking a partition or a sale for division. Jef named the other 14 living family members as defendants (“the defendants”). On July 15, 2015, the defendants, with the exception of Turner, together filed an answer to Jefs complaint and a counterclaim, in which they asserted, among other things, that Turner had conveyed “all of her interest” to Leo, Martha, Eugenia (the now deceased widow of Ralph), Kay, John, and Jimmy by a deed dated November 10, 2006 (“the November 2006 deed”); they included the November 2006 deed as an exhibit. The November 2006 deed, executed by Turner, but not by Watts or Jef, conveyed or purports to convey (see discussion infra) Turner’s, Jefs, and Watts’s interests in four parcels to Leo, Martha, Eugenia, Kay, John, and Jimmy in consideration of “previous agreements” made by James and his children.
On August 21, 2015, Turner filed ' an answer to Jefs complaint in which she asserted that she owned an undivided one-sixth interest in the property, that she was a tenant in common, and that the November 2006 deed was invalid for various reasons, including that it had not been executed by Watts and Jef. Turner also cross-claimed, requesting a reformation of the November 2006 deed or an order setting aside the November 2006 deed. Turner also requested damages for negligence, wantonness, conspiracy, unjust enrichment, the tort of outrage, theft by deception, breach of contract, and fraud.
On October 9, 2015, Hal, Ken, Martha, Roger, Cary, Kay, John, Jimmy, and CWM, LLC (“CWM”) (see supra note 1) (collectively referred to as “the cross-claim defendants”), filed a motion to dismiss Turner’s cross-claim pursuant to Rule 12(b)(6), Ala. R. Civ. P., asserting that Turner had failed to state a claim upon which relief could be granted, that the claims contained in Turner’s cross-claim were barred by the applicable limitations periods, and that Turner’s uncles had purchased the interest of Turner’s mother in the early 1960s.[2] Turner filed a response to the motion to dismiss in which she asserted that the cross-claim defendants’ allegation 'that her mother had conveyed her interest had caused the motion to dismiss to be converted to a motion for a summary judgment; thus, Turner requested a continuance to respond to the motion. See Rule 12(b)(“If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, [Ala. R. Civ. P.,] and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.”). Turner’s attorney, L. Howard Compton, Jr., filed an affidavit in which he testified that discovery was necessary to respond to what he characterized as a motion for a summary judgment.
After a motion hearing, the circuit court declined to treat the motion to dismiss as having been converted into a motion for a summary judgment and granted the motion to dismiss Turner’s cross-claim on February 10, 2016.[3] Turner filed a motion *1293 seeking the entry of a Rule 54(b), Ala. R. Civ. P., certification, thereby making the interlocutory order dismissing Turner’s cross-claim final for purposes of appeal, which the circuit court granted on February 29, 2016. On March 11, 2016, Turner filed a timely notice of appeal to the Alabama Supreme Court. The appeal was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
Turner seeks review of whether the circuit court erred by concluding that Turner could prove no set of facts that would entitle her to the relief sought in her cross-claim or by denying her motion to continue when, according to Turner, the cross-claim defendants presented arguments outside the pleadings at the motion hearing.
“The standard of review applicable to an appeal of a trial court’s judgment granting a Rule 12(b)(6)[, Ala. R. Civ. P.,] motion to dismiss is well settled. In Crosslin v. Health Care Authority of Huntsville, 5 So.3d 1193, 1195 (Ala.2008), our supreme court stated:
“Tn considering whether a complaint is sufficient to withstand a motion to dismiss under Rule 12(b)(6), Ala. R. Civ. P., a court “must accept the allegations of the complaint as true.” Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002) (emphasis omitted). “ ‘The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief.’ ” Smith v. National Sec. Ins. Co., 860 So.2d 343, 345 (Ala.2003) (quoting Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993)). In determining whether this is true, a court considers only whether the plaintiff may possibly prevail, not whether the plaintiff will ultimately prevail. Id. Put another way, “‘a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’ ” Id. (emphasis added).’ ”
Murray v. Prison Health Servs., Inc., 112 So.3d 1103, 1106 (Ala.Civ.App.2012).
The sole argument that the cross-claim defendants “care[d] to present” at the motion hearing was the expiration of the limitations periods applicable to the claims asserted in Turner’s cross-claim. According to the cross-claim defendants, the date Turner was aware or should have been aware of the alleged injury was November 10, 2006, when Turner executed the November 2006 deed and left it with the grantees’ agent. According to Turner, she had not become aware of the alleged injury until July 8, 2015, when she was served with a copy of the other defendants’ answer to Jefs complaint and their counterclaim. If Turner is correct, she filed her cross-claim within weeks of her discovery of the alleged injury, thus defeating any argument regarding the expiration of limitations periods.
The dismissal would proper if it appears beyond doubt that no set of facts in support of Turner’s claims would entitle her to relief. See Murray, 112 So.3d at 1106. To examine the propriety of the dismissal, we must accept Turner’s allegations as true; view them strongly in her favor; and consider only whether Turner may possibly prevail, not whether she will ultimately *1294 prevail. Turner alleged that she could not have discovered the alleged injury on November 10, 2006, because, she said, the November 2006 deed was not effective because it was not “perfect on its face.”
In Shelby v. Tardy, 84 Ala. 327, 329-30, 4 So. 276, 278 (1888), the deed in question had included two signature lines and language in body of the deed indicating that a certain parcel of property had been conveyed by Clarence Tardy and his wife, Annie Tardy. Id. The deed was executed by Clarence and was left in the custody of his attorney until Shelby paid the purchase price. Id. Shelby did so, and the attorney delivered the deed to Shelby. Id. Shelby recorded the deed. Id. On appeal, the court explained that the deed was not “perfect on its face” because Annie had demonstrated that she was meant to be a party to the conveyance but had not “consummated [the] conveyance, vesting the legal title in Shelby.” Id. at 330, 4 So. 276.
Likewise, in this case, Turner asserted that she had no reason to believe that the November 2006 deed was effective because, she said, it was not perfect on its face because Watts and Jef had not executed it and because Leo, Martha, Eugenia, Kay, John, and Jimmy had not paid the alleged purchase price. We agree.
In reaching this conclusion, we have not overlooked the cross-claim defendants’ cite to Travis v. Travis, 399 So.2d 243, 245 (Ala.1981), in which our supreme court examined a final judgment regarding a deed that was not executed by persons who were named as grantors. Our supreme court held that the “deed is operative as to those grantors who executed that deed.” 399 So.2d at 245. However, Travis is distinguishable from the case at hand because, in Travis, our supreme court operated under the ore tenus standard of review of a final judgment. It was not, as are we, reviewing an order of dismissal in which we are considering only whether Turner may possibly prevail, not whether she will ultimately prevail. Furthermore, we note that our supreme court did not overrule Shelby in Travis. In Travis, our supreme court stated that it had been unable to find any Alabama cases that address whether, as a matter of law, a deed that is executed by some but not all of the grantors is totally inoperative. 399 So.2d at 245. Section 12-3-16, Ala.Code 1975, provides that this court is bound by the decisions of our supreme court. We express no opinion regarding whether the circuit court should, after a hearing, conclude that the November 2006 deed was “operative” as to Turner because she executed that deed or “totally inoperative” because less than all the grantors executed it. Turner, supra. However, at this stage of the litigation, we conclude that the circuit court erred by dismissing Turner’s cross-claim on the ground of the expiration of the applicable limitations periods because Turner could possibly prove a set of facts that would entitle her to relief.
We pretermit discussion of Turner’s second issue. See Favorite Mkt. Store v. Waldrop, 924 So.2d 719, 723 (Ala.Civ.App.2005)(stating that this court would pretermit discussion of further issues in light of dispositive nature of another issue). In conclusion, we reverse the trial court’s dismissal of Turner’s cross-claim, and we remand the cause for further proceedings.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Kay, John, and Jimmy formed CWM, LLC, which owns their alleged interests in the property. The circuit court entered an order joining CWM as a party on August 31, 2015.

. No party has raised as an issue that Wendy, Helen, Joe, Newman, and Watts are not named as parties to the motion to dismiss. Therefore, we do not address that issue, except insofar as we have amended the style of this appeal.

. No party has raised as an issue that the circuit court included Wendy, Helen, Joe, *1293 Newman, and Watts as persons who had filed the motion in the body of its order of dismissal or that it failed to include CMW as a movant. See supra note 2.